D. C. DARKE, plaintiff in error, *vs.* SUSAN E. BUSH, defendant in error.

1. It is not the office of a promissory note given for borrowed money, to secure the application of the money by the borrower to a given object, although the purpose for which the money was borrowed be expressed in the note. Therefore, a judgment on the note, as such, is no adjudication upon any right of the lender, growing out of that part of the instrument.

Drake *vs.* Bush.

2. A representation made in writing may be contradicted by parol, except where it operates by way of estoppel. After being acted on, it will so operate upon some issues, but may not upon others. If, in reference to the issue on trial, the party acting upon the representation was, at the time he acted, in no worse case with the matter of the representation false than with it true, there is no estoppel which affects that issue, and the representation may be contradicted.

3. In 1872, land to the extent of the exemption allowed by the Code prior to the constitution of 1868, was exempt as against a claim for the purchase money. Consequently, a person who, in that year, lent money to another to pay for land, was in no worse situation, in respect to that exemption, if the land had been previously paid for by the borrower, than if that specific money had been applied to the purchase. In either case, the exemption would prevail. After the land had been duly laid of, in 1873, as exempt, and after the passage of the act of 1874, repealing exemptions as against purchase money, and after judgment, in 1875, upon the note for the borrowed money, and levy of execution from such judgment on the land, it was competent to contradict a representation in the note that the money was borrowed to pay for the land, and parol evidence was admissible for that purpose, on the trial of a claim interposed by the wife of the purchaser, and founded on the exemption right.

Promissory notes. Contracts. Evidence. Estoppel. Homestead. Before Judge PATE. Dooly Superior Court. March Term, 1876.

On March 15th, 1875, judgment by default was rendered in favor of D. C. Drake against Elijah Bush, on a promissory note of which the latter was maker and the former payee, made in 1872. Execution thereupon issued, and was levied on a certain tract of land, being the half of land lot number fifty-one, in the seventh district of said county. Claim was interposed by Susan E. Bush, wife of defendant in *fi. fa.*

On the trial, plaintiff introduced the note, which contained a statement that the money was "borrowed to pay for one-half of lot of land number fifty-one, seventh district of Dooly county, Georgia;" also the declaration with entry of service thereon, the judgment by default, and the *fi. fa.* He then introduced defendant to prove the execution of the note. Defendant testified that he received the money, but did not recollect the terms of said note; did not think it was read

over to him.    Plaintiff testified that he was present when the note was signed, and heard it read to defendant.

Claimant introduced evidence showing that none of the money received by defendant in *fi. fa.* was used in the purchase of the lot in dispute; that it was paid for some time before the making of the note.    She further introduced the proceedings before the ordinary by which the land had been set apart, in 1873, as a homestead, upon her application therefor, under section 2040 of the Code.

The jury, under the charge of the court, found the land not subject, and judgment was rendered accordingly.    Plaintiff thereupon excepted, and alleged the following errors: 1st· That the court erred in admitting the testimony introduced by the claimant; that she being defendant's wife and privy to him, was therefore estopped.    2d. That the court erred in admitting evidence to contradict the terms of a written contract.    3d. That the court erred in refusing to charge the law of estoppel, when requested by plaintiff's counsel.

THOMAS P. LOYD, by Z. D. HARRISON, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Judge.

1. The judgment adjudicated the lender's right to recover the money from the borrower on the note declared upon, but it settled nothing as to what was done or ought to have been done with the loan.    The judgment was no obstacle to receiving the evidence offered to show that the loan was not applied as the note indicated it was or would be.

2. Treating that part of the instrument as a representation, it was open to contradiction even by parol evidence, unless it came with the force of an estoppel.    And on the question in issue it did not have that force, for the reason that its truth or falsehood was wholly immaterial, in reference to that question, at the time the money was loaned.

3. Then the exemptions of the Code held equally against purchase money and all other debts: 41 *Georgia Reports,* 180. It was otherwise with the large homestead allowed by the constitution of 1868, and if that had come in question, there might have been good reason for holding the borrower estopped: 45 *Georgia Reports,* 483. In the case before us, the exempt property was laid off and registered in the ordinary's office before judgment was rendered for the creditor, and before the act of 1874 was passed, changing the law which prevailed at the time of the contract. Granting that the debt was in fact for purchase money, the family of the debtor may have acquired a vested right which the act of 1874 could not divest. Upon this point the court below seems to have ruled nothing, and we, also, leave it untouched. We simply say that, notwithstanding the expression in the note, it was competent for the claimant to prove that the debt was not for purchase money.

Judgment affirmed.