### 5348. McLENDON *v.* THE STATE.

An accusation filed on March 16, 1912, and charging the commission of an offense on March 16, 1910, was not filed "within two years after the commission of the offense."

DECIDED JANUARY 20, 1914.

Accusation of misdemeanor; from city court of Dublin—Judge Hicks. November 12, 1913.

*Hal B. Wimberly,* for plaintiff in error.

*George B. Davis, solicitor,* contra.

POTTLE, J. The only question in this case is whether an accusation dated March 16, 1912, and charging that a misdemeanor was committed on March 16, 1910, was, on its face, barred by the statute of limitations, there being no averment which would prevent the two-years bar of the statute from attaching. Prosecutions for misdemeanors must be instituted "within two years after the commission of the offense, and at no time thereafter." Penal Code, § 30 (4). "When a number of days is prescribed for any privilege or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on the Sabbath, another day shall be allowed in the computation." ·Penal Code, § 1 (8). Growing out of this statutory provision ·two distinct lines of decisions have arisen. Where days are to be computed, the last-quoted provision is applied, and only the first or last day counted, and the last day excluded if it falls on Sunday. So, where a bill of exceptions was sued out on the 10th day of a month and served on the 20th day, it was held that the service was within ten days after the bill of exceptions was signed and certified. *Rusk* v. *Hill,* 117 *Ga.* 722 (45 S. E. 42). Where, however, the computation is of months or years, section 1, paragraph 8, is not applicable, Sundays are not excluded, and the right is lost unless invoked on or before the day last preceding the day of the month or year corresponding to the day

upon which the right accrued. Thus, in *Western & Atlantic Railroad* v. *Carson,* 70 *Ga.* 388, it was held where a verdict was rendered on appeal in a justice's court on October 12, 1880, a petition for certiorari, filed January 12, 1881, was too late; and in *Peterson* v. *Georgia Railroad Co.,* 97 *Ga.* 798 (25 S. E. 370), an action brought on October 24, 1893, for damages for a personal injury, alleged to have occurred on October 24, 1891, was barred, under a statute providing that such an action must be brought "within two years after the right of action accrues." See also *Hammond* v. *Clarke,* 136 *Ga.* 313, 322 (71 S. E. 479, 38 L. R. A. (N. S.) 77), where the difference in the method of calculation above noted was recognized. Following the line of distinction pointed out in these decisions, it is clear that the accusation was barred. But in addition to this, it is manifest that section 1, paragraph 8, of the Penal Code does not apply to criminal prosecutions. Such a prosecution is not the "exercise of any privilege" or the "discharge of any duty" by a person claiming a right, and certainly in criminal prosecutions Sundays are not to be excluded in the calculation of time. The language of the statute is "two years after the commission of the offense." The offense was committed on March 16, 1910, the offender became subject to immediate prosecution; the statute must be strictly construed; and the prosecution was barred.

*Judgment reversed.*