62004. BARBUSH et al. v. OILER et al.

DEEN, Presiding Judge.

"Statutes are to be construed in connection and in harmony with existing law, and their meaning and effect will be determined with reference not only to the common law and the Constitution but also to other statutes *and the decisions of the courts. Spence v. Rowell,* 213 Ga. 145 (97 SE2d 350); *Hill v. Busbia,* 217 Ga. 781, 782 (125 SE2d 34, 93 ALR2d 1241)." *Brookins v. State,* 221 Ga. 181, 190 (144 SE2d 83) (1965). (Emphasis supplied.) With this guideline, it becomes necessary to construe Code Ann. § 105-2016 (Ga. L. 1968, pp. 1156, 1157, 1975, pp. 395, 396) titled the Unliquidated Damages Interest Act. Under this statute evidence of interest in cases involving

unliquidated damages is not to be submitted to the jury. It may, however, at the rate of 7 percent per annum, be added to the judgment if proof is offered to the trial court that the claimant by certified mail informed the defendant of the amount claimed, and if on the trial of the case a judgment was rendered in his favor of at least that amount. The statute has the usual repealer clause as to laws in conflict with its provisions.

Prior to the Unliquidated Damages Interest Act a body of case law had built up which held that where the damages sued for are not liquidated, interest is not recoverable as such, but so long as it is not designated *eo nomine* the amount found by the jury as general damages may be increased by an amount equal to what the interest on the sum would have been, this being entirely a matter within its discretion. *Benton v. Roberts,* 41 Ga. App. 189 (5) (152 SE 141) (1929). "The jury may, in the lawful exercise of their power, add to the value of property destroyed a sum equal to the interest on such value but such sum must be found and returned as damages, not as interest." *W. & A. R. Co. v. Brown,* 102 Ga. 13 (2) (29 SE 130) (1897). Accord, *Central of Ga. R. Co. v. Butler Marble &c. Co.,* 8 Ga. App. 1 (1) (68 SE 775) (1910). If the sum is in fact designated as interest it must be stricken from the verdict. *Concrete Materials of Ga. v. Smith & Plaster Co.,* 127 Ga. App. 817 (4) (195 SE2d 219) (1973). There is also authority to the effect that the award of discretionary punitive damages will foreclose the award of any additional amount as interest. *Ratteree v. Chapman,* 79 Ga. 574 (6) (4 SE 684) (1887).

It is therefore necessary to construe Code § 105-2016 in connection with prior case law to arrive at the single question on this appeal: Was it error to grant a named sum as damages to each of the plaintiffs in this case under the facts stated? The defendants are landlords and building contractors and the plaintiffs are tenants who lost personal property in a fire which damaged the building in which they were living. By consent the jury tried the issue of liability only and found against the owners and contractors. This decision and related issues dealt with by cross claim were not appealed and are not before us. The trial judge then by agreement heard evidence and entered a judgment in favor of each tenant individually for the value of the property damaged "with interest thereon at the legal rate from the date of the loss on Nov. 7, 1977." In each he also included $2,000 as punitive damages to be assessed against the contractors.

A motion was filed to modify the judgment under the case law cited above on the ground that the addition of interest was illegal. The judge, acceding to this logic, voided all judgments and entered new ones on November 7, 1980, exactly three years after the loss, identical with the original judgments except that the language "with

interest thereon" etc. was stricken and to the amount found in the original order was added 21 percent (7 percent per annum on the principal amount for three years, which, of course, adds up to the arithmetical balance when computed under the original orders). It appears from the evidence in these cases that as to each tenant the judge arrived at a sum certain by adding the value of each item of damaged personal property proved, and to that sum adding interest at the rate of 7 percent per year for the three years between the loss and the final judgment. This is the only error enumerated. We are satisfied that under the law prior to 1968 the first judgments were illegal as to the interest provision because expressed *eo nomine,* and could have been cured only by writing off the amount expressed as interest. Would the ascertainment of this sum and adding it to the face amount of the claim have cured the error? This need not be decided, although it is obvious that it is exactly what happened here, because a proper construction of Code § 105-2016 demands the conclusion that if the jury (or the fact finder acting in place of the jury) finds a specific amount and adds it to the damages in the tort action, and the court both allows this increase in the damages on the part of the fact finder plus interest on the sum claimed under the Unliquidated Damages Act, the successful plaintiff would not only receive as damages the face amount of his claim, plus, in some instances, punitive damages, but in addition would receive a sum representing interest at 7 percent per annum from the date of loss to the date of judgment locked into the face amount of the judgment and an additional amount representing interest at 7 percent per annum from a date commencing 30 days from the plaintiff's date of notice of claim to the defendant and running also to the date of judgment. This would award double interest on the same debt, which cannot be approved. *Tifton, Thomasville & Gulf R. Co. v. Butler,* 4 Ga. App. 191 (60 SE 1087) (1908) was decided prior to the enactment of Code § 105-2016 and is limited to contract actions. *Norair Engineering Corp. v. St. Joseph's Hospital,* 147 Ga. App. 595 (249 SE2d 642) (1978) was also a contract case, and did not consider the impact, if any, of Code § 105-2016 in contract situations, and accordingly will not be followed here.

A proper construction of the Unliquidated Damages Interest Act requires a conclusion that interest should not be included as a part of the damages by the finder of fact, whether designated *eo nomine* or not, since to do so would allow the recovery of double damages where interest is claimed under Code § 105-2016. Further, examination of the evidence in this case, including changes in the judgments of October 28 and November 7, 1980, renders it undeniable that interest was in fact included as a part of the damages

in both judgments. Insofar as they allowed the recovery of interest as a part of undifferentiated damages, the cases decided prior to the enactment of Code § 105-2016 must yield to the statute law, and that law must be construed as the sole method of obtaining interest on amounts found as unliquidated damages. The construction urged by the appellees here would, in instances where the statutory notice is given, allow a jury both to include interest as a part of the damages found and then add in the interest again from approximately the date of notice of the loss. Such award of double damages would be illegal, and an illegal intent cannot be imputed to the legislature in passing the act.

The judgments appealed from are accordingly reversed. It is further directed that the original judgments in favor of the plaintiffs dated October 28, 1980, be reinstated except for the words "with interest thereon at the legal rate from the date of the loss on November 7, 1977" which shall be deleted from each.

*Judgments reversed with direction. Banke and Carley, JJ., concur.*

DECIDED MAY 22, 1981 ▌▌▌▌▌▌▌▌▌▌

*M. Mark Kinsman, George W. Carpenter,* for appellants.

*William T. Boyett, John W. Gibson, Danny C. Bailey, Greg Melton, John W. Thomas, Joseph T. Tuggle, Jr., John T. Marshall, Warren N. Coppedge, Jr.,* for appellees.