69656. VIRGINIA HIGHLAND ASSOCIATES v. ALLEN et al.
(330 SE2d 892)

CARLEY, Judge.

On July 22, 1983, appellant Virginia Highland Associates entered into a contract to purchase certain commercial real estate called The Corner. A portion of The Corner property consisted of leased premises on which a restaurant was being operated. At the closing on August 31, 1983, the seller presented appellant with a document denominated "Lessee's Estoppel Certificate" relating to the restaurant premises. This certificate contained the following relevant statements: that "[t]he copy of the Lease attached hereto is a true, correct and complete copy of the Lease"; that "[l]essee and Lessor have no agreements oral or written, other than the Lease concerning said property"; and that "[l]essee has not made any assignment of any of his rights under the Lease or any rights he might have by Georgia or Federal law concerning said property." The certificate was dated August 18, 1983, and contained the individual signatures of appellees Allen and Gagarin as the lessees. Attached to the certificate was a copy of a lease agreement dated April 13, 1981, which named appellees Allen and Gagarin as the individual lessees of the restaurant premises and which likewise contained their individual signatures as the lessees.

Some months later, appellant discovered that appellees Allen and Gagarin were no longer operating the restaurant. The new operator of the restaurant was Maximillian Willie. Willie asserted rightful possession of the premises on the ground that the lessee thereof was a corporate entity, appellee Crazy Ladies, Inc. (CLI), the ownership of which he had recently acquired from appellees Allen and Gagarin. Appellant, contending that the premises were leased only to appellees Allen and Gagarin individually and not to a corporate entity, instituted the instant dispossessory action, alleging that the lease had "been terminated because of a breach and [t]enant holds the premises over and beyond the termination date." The alleged breach was of a provision in the lease that assignment or subletting of the premises without the consent of the lessor would be grounds for termination. Appellant named only appellees Allen and Gagarin as the defendants in the dispossessory action. However, appellee CLI, the entity pur-

porting to be in actual possession of the premises, moved to intervene as a defendant, and its motion was granted. The case then proceeded to trial before a jury.

At trial, the evidence established that the original lease of the premises had in fact been entered into on April 13, 1981, with appellees Allen and Gagarin as the individual lessees. However, on April 29, 1981, appellee CLI was incorporated. According to appellees Allen and Gagarin, they had requested their then lessor to substitute the newly incorporated entity as the named tenant of the premises. Although it was categorically denied by their then lessor, appellees Allen and Gagarin testified that their request was granted, and on or about May 6, 1981, a new lease was executed exactly like the original one with the sole exception that appellee CLI was named as the tenant. Appellees were unable to produce the original of this lease but offered a copy which, according to them, was all that they had ever had. This new lease, according to appellees' evidence, was backdated to April 13, 1981, the date of execution of the original lease. Also, this new lease bore the individual signatures of appellees Allen and Gagarin, rather than their signatures in a representative capacity. Nonetheless, it was appellees' position that this copy of the novated lease showed that the restaurant premises were actually leased to appellee CLI, and thus, that there had been no breach of the provisions of the lease since appellee CLI was still the tenant in possession, only the ownership of that corporation having changed hands.

At the close of all of the evidence, appellant moved for a directed verdict on the basis of the estoppel certificate. The motion was denied and the question of which lease was valid and enforceable — the original April 13, 1981 lease to appellees Allen and Gagarin individually and which had been attached to the estoppel certificate, or the alleged subsequent novation which had substituted appellee CLI as the named tenant — was submitted to the jury. A verdict was returned for appellees as to this issue. In addition, appellees Allen and Gagarin were awarded attorney fees which they had sought by way of counterclaim. Judgment was entered on the jury's verdict and appellant appeals.

1. Appellant first asserts that the trial court erroneously granted appellee CLI's motion to intervene in the proceedings.

OCGA § 9-11-24 (a) provides: "*Intervention of right.* Upon timely application anyone shall be permitted to intervene in an action: . . . (2) When the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." The instant action was instituted as a dispossessory proceeding

against a tenant holding over. Such an action, in essence, seeks to remove the purported tenant in possession of the disputed premises and to return possession of the premises to the landlord. See OCGA § 44-7-50 et seq.; *Bahde v. Wright*, 76 Ga. App. 462 (46 SE2d 264) (1948). Accordingly, appellee CLI, the purported tenant in actual possession, would certainly appear to be a necessary party to the dispossessory action. It was the continued possession by appellee CLI that was at stake in the proceedings, since appellees Allen and Gagarin were no longer in possession. "[W]here, as in the present case, intervention is sought prior to judgment by a necessary party who should have been named and served in the original complaint, such intervention should [be] allowed and the failure to do so [would amount] to an abuse of discretion." *State of Ga. v. Bruce*, 231 Ga. 783, 786 (204 SE2d 106) (1974). Compare *Fitzgerald Trust Co. v. Shepard*, 60 Ga. App. 674 (4 SE2d 689) (1939).

Even if intervention of right was not mandated under the circumstances, permissive intervention pursuant to OCGA § 9-11-24 (b) (2) clearly was authorized. It is beyond question that appellee CLI's "defense [to dispossession] and the main action [had] a question of law or fact in common." OCGA § 9-11-24 (b) (2). Thus, assuming that intervention was permissive, there was no abuse of discretion in granting the motion of CLI. See *Fletcher v. Fletcher*, 123 Ga. 470 (51 SE 418) (1905). See generally *Autry v. Palmour*, 124 Ga. App. 407, 410 (2) (184 SE2d 15) (1971).

2. In related enumerations, appellant contends that the trial court erred in failing to grant its motion for directed verdict. The assertion in this regard is that, as a matter of law, the "Lessee's Estoppel Certificate" was conclusive as to who occupied the status of its tenant, demonstrating that its lessees were appellees Allen and Gagarin individually and consequently estopping the assertion that appellee CLI was the actual lessee of the premises.

"Admissions which have been *acted on by others*, are conclusive against the party making them, in all cases, between him and the person whose conduct he has thus influenced. In such cases, the party is estopped, on grounds of public policy and good faith, from *repudiating* his own representations." (Emphasis in original.) *Tompkins v. Philips*, 12 Ga. 52, 53 (3) (1852). "A representation made in writing may be contradicted by parol, *except* where it operates by way of estoppel. After being acted on, it will so operate upon some issues, but may not upon others. If, in reference to the issue on trial, the party acting upon the representation was, at the time he acted, in no worse case with the matter of the representation false than with it true, there is no estoppel which affects that issue, and the representation may be contradicted." (Emphasis supplied.) *Drake v. Bush*, 57 Ga. 180, 181 (2) (1876). The writing in the instant case consists of an indi-

vidual lease, coupled with the unqualified estoppel certificate of the individual lessees named thereon that the premises are being occupied by them and that no other lease is in existence. The issue is whether, by virtue of this unqualified writing, appellees Allen and Gagarin are estopped, as against appellant, to assert the existence of any other lease.

The estoppel certificate was executed by appellees Allen and Gagarin during the period that appellant's predecessor in title was the owner of the leased premises. Thus, at the time that the property was sold, appellant's predecessor in title was in possession of an unqualified writing which "was not only an admission, but an *express declaration*" by appellees Allen and Gagarin of the terms upon which the leased premises were then being held. (Emphasis in original.) *Tompkins v. Philips*, supra at 56. Appellant relied upon the unqualified writing given to its predecessor in title as establishing the rights and obligations to which it was succeeding as the owner of the property. Appellees Allen and Gagarin seek to repudiate the rights and obligations that would be thus established by asserting that, notwithstanding their express and unqualified written declaration to the contrary, they are not the true lessees of the premises.

We initially hold that as a general principle, the law will recognize, "on grounds of public policy and good faith," the potential estoppel effect that can result from a tenant's execution of a certificate such as that involved in the instant case. Cf. *Johnson v. Freedman*, 128 Ga. App. 480 (197 SE2d 400) (1973). In determining whether that potential has been fully realized in the instant case, we are guided by the rule that "an equitable estoppel is based on the 'ground of promoting the equity and justice of the individual case by preventing a party from asserting his rights under a general technical rule of law, when he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth.' [Cits.]" *Davis v. Auerbach*, 78 Ga. App. 575, 579 (51 SE2d 527) (1949). "Clearly, one's negligence may under the circumstances be a sufficient basis for estopping him to assert certain matters. [Cit.]" *Trust Co. of Ga. v. Port Terminal &c. Co.*, 153 Ga. App. 735, 737 (266 SE2d 254) (1980). If appellees Allen and Gagarin are not estopped by the unqualified certificate they signed, even if they did so negligently, no prospective landlord would ever be entitled to rely upon the express declarations given to his predecessor in title by purported tenants in possession. Instead, a successor in title would always face the possibility that possession of the premises will subsequently be asserted on entirely different terms from those which he had been led to believe existed. An estoppel's " 'binding effect is between the immediate parties, their privies in blood, in law and *by estate*.' [Cits.]" (Emphasis supplied.) *Jones v. Major*, 80 Ga. App. 223, 225 (55 SE2d 846) (1949).

We are not prepared to hold that, as a matter of law, a landlord is "in no worse case" with a corporate lessee than with two individual tenants who are personally liable on the lease. To the contrary, we hold that public policy, good faith, equity and justice require that the unqualified writing executed by appellees Allen and Gagarin estop them from raising their novation defense. See *Johnson v. Freedman*, supra. It follows that appellee CLI's status as to appellant is that of an intruder rather than a tenant. See *Bass v. West*, 110 Ga. 698, 705 (5) (36 SE 244) (1900). The trial court erred in failing to grant appellant's motion for directed verdict for a writ of possession.

3. It necessarily follows that the judgment awarding appellees Allen and Gagarin attorney fees is reversed. Remaining enumerations are moot.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 2, 1985 —
REHEARING DENIED MAY 6, 1985 — 

*Sally A. Dorn, Ann H. Schnur*, for appellant.
*Bruce E. Pashley, Robert J. Grayson, E. Marcus Davis*, for appellees.