A89A0509. CAPITOL FISH COMPANY v. TANNER.
(384 SE2d 394)

BIRDSONG, Judge.

This discretionary appeal was granted to determine whether the employer, Capitol Fish Company d/b/a Capitol Foods of Augusta, Inc. (Capitol), is immune to tort liability, by being in the status of an "employer" bound to provide workers' compensation benefits for the deceased helper for one of Capitol's drivers.

Taken in the light most favorable to the appellee plaintiff, who filed this wrongful death suit and is respondent in Capitol's motion for summary judgment, the material facts are these: the deceased was hired and employed as helper by Capitol's employee truck driver. The truck driver paid the deceased with funds provided by the appellant. (It is conceded that Capitol gave the driver an amount of money each day. Capitol says this was to reimburse the driver for hiring a helper. But we are construing the evidence in favor of the plaintiff. Plaintiff takes the position that since the driver was not required to hire a helper and could pocket the money if he wished, this money was *not* a reimbursement for or intended for the hiring of a helper.) The deceased received no employee benefits from Capitol, and no income tax or FICA or other tax was withheld. In short, to paraphrase the plaintiff's words, Capitol "did not know the deceased was alive" until after he had been killed.

Now, says the plaintiff, the employer Capitol should be estopped from claiming tort immunity in such a case as this, for the employer has had all the advantages of ignoring the employee while he (theoretically) was employed by it. Thus persuaded, the trial court denied

the employer's motion for summary judgment denying tort immunity. *Held*:

1. The appellee plaintiff suggests this case, as equity, lies in the jurisdiction of the Supreme Court. However, the posing of an equitable defense in response to a motion for summary judgment in a case in this court's jurisdiction, clearly does not make this a case in equity. See Georgia Constitution, Art. VI, Sec. VI, Par. III; *Rogers v. Miller Peanut Co.*, 199 Ga. 835 (35 SE2d 469); *Equitable &c. Society v. Bischoff*, 179 Ga. 255 (175 SE 560).

2. The trial court erred in denying Capitol's motion for summary judgment seeking immunity from liability in tort. This case is controlled by *American Mut. Liability Ins. Co. v. Harris*, 61 Ga. App. 319 (6 SE2d 168), where the material facts are very similar. The matter is also conclusively controlled by legislative decree. OCGA § 34-9-1 (3) provides: " 'Employer' shall include . . . any person who, pursuant to a contract or agreement with an employer, *provides workers' compensation benefits* to an injured employee, *notwithstanding the fact that no common-law master-servant relationship or contract of employment exists between the injured employee and the person providing the benefits.*" (Emphasis supplied.) The plaintiff evidently does not dispute that Capitol provided and stands ready to provide workers' compensation benefits for the deceased.

Further, and in any case, according to OCGA § 34-9-8, Capitol is deemed the *statutory* employer of the deceased, liable by law to pay workers' compensation benefits. *Wright Assoc. v. Rieder*, 247 Ga. 496, 499 (277 SE2d 41). We shall not attempt to improve on *Wright's* clear explanation of the beneficent public policy underlying this statutory scheme, except to say the obvious, which is that the object of the rule is to provide a remedy for the greater number of eligible employees although it deprives some of a remedy in tort. See also *Haygood v. Home Transp. Co.*, 149 Ga. App. 229 (253 SE2d 805).

The plaintiff is not in error to say it *appears* the employer has all the benefits of ignoring the deceased and providing him no employee benefits while he was alive, and now being able to take advantage of employer status to avoid tort liability. But this appearance is slightly deceptive, for the fact is that even if it appears that the employer was " ' "not . . . willing, at [its] own risk and expense to have such a [helper] employed," ' " (emphasis deleted) (see *American Mut. Liability Ins. Co. v. Harris*, supra at 321), thus denying the deceased certain employee benefits by "ignoring" him while he was alive, the employer by the law stated above is *not* permitted to ignore him in death.

This policy objective is better than used to be the law, when the employer bore no responsibility at all except in tort if the deceased's representative could bear the burden of proving actual fault and lia-

bility. The fact that the plaintiff might have been able to bear that burden and receive more compensation in tort is a circumstance not relevant to the beneficent public policy requiring Capitol to provide workers' compensation benefits for him as its employee by statute.

*Judgment reversed. Benham, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

A portion of appellee's argument and thrust, to the effect that estoppel is an issue in the case, is: "Archimedes said that he could move the world if he could choose where to place the lever . . . Capitol Foods has made no attempt to rebut or refute our contention and evidence of estoppel. Instead, they have simply ignored it and adopted the ostrich defense in addition to their attempted use of the Archimedean Lever. However, Archimedes' principle of buoyancy won't help them here because their case won't float." Appellant, denying that equitable estoppel is applicable, seeks to parry this thrust by ardently articulating and asserting: "Archimedes' principle, the physical law of buoyancy, discovered in the Third Century B.C., remains viable. Buoyancy is the theory of what keeps a matter afloat. This case will not float and has no buoyancy. The reasons for the holes in this hull have been outlined earlier."

Were it not for the case of *American Mut. Liability Ins. Co. v. Harris*, 61 Ga. App. 319 (6 SE2d 168) (1939), I would vote to affirm the trial court's denial of summary judgment under authority such as *Georgia Elec. Co. v. Rycroft*, 259 Ga. 155 (378 SE2d 111) (1989); *Virginia Highland Assoc. v. Allen*, 174 Ga. App. 706 (330 SE2d 892) (1985); Sentell, The Doctrine of Estoppel in Georgia Local Government Law (Univ. of Ga., 1985).

DECIDED JUNE 6, 1989 —
REHEARING DENIED JULY 12, 1989 —

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr., Donald F. Daugherty*, for appellant.
*Glenville Haldi*, for appellee.