## A92A0073. RESNIK v. PITTMAN.
### (418 SE2d 116)

SOGNIER, Chief Judge.

A jury found in favor of Billy Pittman in his personal injury suit against Howard Resnik. The trial court granted Pittman's motion to include prejudgment interest pursuant to OCGA § 51-12-14 in the final judgment. Resnik appeals, challenging only the award of prejudgment interest.

The record establishes that appellee sent a letter by certified mail to Carole Barnaby, a claims representative at St. Paul Fire & Marine Insurance Company, which provided that "[t]his letter shall constitute written notice to [St. Paul] and its insureds, the Resniks[,] for unliquidated damages pursuant to OCGA § 51-12-14. [Appellee] is willing at the present time to settle his claims against [appellant] for a total payment of $30,000.00. This amount must be paid within thirty days of the date of this notice or we shall claim pre-judgment interest on any judgment at trial equal to or exceeding this amount." It is uncontroverted that appellee did not either send a copy of this letter or send another letter with comparable information to appellant. The letter sent to Barnaby contained no request that it be forwarded to appellant, and Barnaby averred in her affidavit that the letter was not forwarded to appellant by her office. It is also uncontroverted that appellant's insurance company was not a party to appellee's personal injury suit and that Barnaby was not appellant's attorney.

Appellant's challenge to the award of prejudgment interest is based solely on the fact that appellee's written notice was inadequate under OCGA § 51-12-14 because it was sent to the claims manager at appellant's insurance company instead of appellant. We agree and reverse. The version of OCGA § 51-12-14 (a) in effect at the time of the events below provided that "[w]here a claimant has given written notice by registered or certified mail *to a person against whom claim is made* for unliquidated damages in a tort action and the person against whom such claim is made fails to pay such amount within 30 days from the mailing of the notice, the claimant shall be entitled to receive interest on the claimed sum if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the sum claimed." (Emphasis supplied.)

These provisions of OCGA § 51-12-14, setting forth the manner in which a plaintiff can recover prejudgment interest on unliquidated

damages in a tort suit, are in derogation of common law, see *Williams v. Runion*, 173 Ga. App. 54, 61 (325 SE2d 441) (1984) (Beasley, J., concurring specially); *Barbush v. Oiler*, 158 Ga. App. 625, 626 (281 SE2d 359) (1981), and therefore must be strictly construed. See generally *Heard v. Neighbor Newspapers*, 259 Ga. 458, 459 (5) (b) (383 SE2d 553) (1989). Furthermore, OCGA § 51-12-14 (a) is plain and unambiguous on its face. This statute expressly requires the plaintiff to give written notice to a person against whom claim is made. In the case sub judice, appellant, not St. Paul Fire & Marine Insurance Company or its claims representative, Barnaby, was the only person against whom a claim was made by appellee. "When a statute is found to be plain and susceptible of but one natural and reasonable construction, an appellate court has no authority to place a different construction upon it, but must construe it according to its terms. [Cit.] We find that [OCGA § 51-12-14 (a)] speaks concisely in establishing the requirements for [written notice to be given to "a person against whom claim is made"]; it is so plain and unambiguous that judicial construction is both unnecessary and unauthorized, and the legislature's clear intent that the [written notice] be [given to a person against whom claim is made] will not be thwarted by invocation of the rule of 'substantial compliance.' [Cits.]" *Regency Nissan v. Taylor*, 194 Ga. App. 645, 648-649 (3) (391 SE2d 467) (1990). Accordingly, because the notice was sent to Barnaby, rather than appellant, it was insufficient to authorize an award of prejudgment interest under OCGA § 51-12-14, and the trial court erred by entering judgment in favor of appellee for prejudgment interest.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 7, 1992.

*Blasingame, Burch, Garrard & Bryant, Andrew J. Hill III, Gregory A. Daniels*, for appellant.

*Swift, Currie, McGhee & Hiers, Lynn M. Roberson, Sybil R. Carter*, for appellee.