### A94A1162. HEWETT et al. v. CARTER.

(450 SE2d 843)

BLACKBURN, Judge.

Plaintiffs Thomas and Brenda Hewett brought the instant action against defendant John Mitchell Carter for damages arising from an automobile collision. A jury verdict was returned in favor of Thomas Hewett for $300,000. The jury found against Brenda Hewett and no appeal was taken therefrom.

On February 16, 1993, three days after the jury's verdict, the trial court entered a judgment on the jury's verdict in favor of Hewett for $295,000, offsetting the verdict by $5,000 in no-fault benefits received by Hewett and added $27,500 in pre-judgment interest pursuant to OCGA § 51-12-14, the Unliquidated Damages Interest Act.

On May 11, 1990, an agent for Allstate Insurance Company ("Allstate"), defendant's liability carrier, had written to plaintiff's attorney and instructed him to forward all future correspondence to the agent's attention. Pursuant to Allstate's instructions, the unliquidated damages interest letter was sent to Allstate on October 15, 1990.

Notwithstanding Allstate's instructions to plaintiff regarding correspondence, on December 2, 1993, Carter moved the court to set aside its judgment pursuant to OCGA § 9-11-60 (d) because the demand letter was sent to Allstate and not to defendant Carter. Thereafter, the Hewetts filed a motion for the substitution of Allstate as the real party in interest based upon Allstate's satisfaction of the total judgment against Carter following Carter's filing of an action against Allstate for bad faith damages for its failure to settle the claim.[1] The trial court did not rule on the Hewetts' motion to substitute, and granted Allstate's motion to set aside that portion of the judgment awarding pre-judgment interest to Thomas Hewett. This appeal followed.

1. Initially, the Hewetts maintain that the trial court erred in setting aside the portion of the judgment awarding pre-judgment interest and erred in relying upon this court's decision in *Resnik v. Pittman*, 203 Ga. App. 835 (418 SE2d 116) (1992). We agree.

The plaintiff in *Resnik*, in attempting to satisfy the pre-judgment interest requirements of OCGA § 51-12-14, sent a certified letter to a claims representative with St. Paul Fire & Marine Insurance Com-

---

[1] In satisfying the judgment, Allstate paid the amount of pre-judgment interest into the court's registry pending the final decision on the motion to set aside.

pany, the defendant tortfeasor's liability insurance carrier, offering to settle the plaintiff's claims. The plaintiff had not been requested by the insurance carrier to forward such correspondence to it, and plaintiff did not forward a copy of the demand letter to defendant. We held that OCGA § 51-12-14, in effect at the time,[2] provided that a claimant is entitled to interest under that Code section if the claimant "has given written notice by registered or certified mail *to a person against whom claim is made* for unliquidated damages," and the plaintiff therein did not comply with the mandates of the statute, and therefore, an award of pre-judgment interest was not authorized under the circumstances of that case. *Resnik*, supra at 835.

The facts of the case at bar are clearly distinguishable from *Resnik*, because of the conduct of defendant's insurance carrier, which was controlling the litigation, in instructing plaintiff's attorney to "direct all future correspondences to [his] attention." By virtue of this conduct, Carter is estopped from asserting that the Hewetts failed to strictly comply with OCGA § 51-12-14 since any such failure resulted from the conduct of those acting on defendant's behalf. The principle of " 'equitable estoppel is based on the "ground of promoting the equity and justice of the individual case by preventing a party from asserting his rights under a general technical rule of law, when he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth." (Cits.)' [Cit.]" *Virginia Highland Assoc. v. Allen*, 174 Ga. App. 706, 709 (330 SE2d 892) (1985). In such instances, a party is estopped, on grounds of public policy and good faith, from repudiating his own representations. Id.

In the case sub judice, the Hewetts acted in accordance with the instructions of the Allstate claims representative, who was controlling the defendant's defense, and accordingly, defendant is estopped from asserting that the compliance with such instructions did not meet the statutory notice requirements of OCGA § 51-12-14. Consequently, the trial court erred in setting aside the award of pre-judgment interest.

2. Next, the Hewetts assert that the trial court erred in failing to rule on their motion to substitute Allstate as the real party in interest. We disagree. The trial court's failure to rule on the subject motion amounts to a denial thereof. Allstate did not become subject to judgment against it for damages proximately caused by Carter's negligent operation of the insured vehicle on the basis of its contractual obligations under the insurance policy. See *Smith v. Phillips*, 172 Ga. App. 459, 462 (323 SE2d 669) (1984). Carter is the real party in inter-

---

[2] The statute was subsequently amended effective July 1, 1991, to substitute "against whom a claim is made of a demand for an amount of unliquidated damages" for "against whom claim is made for unliquidated damages."

est and this enumeration is without merit.

3. The Hewetts further challenge the timeliness of the motion to set aside judgment. The motion was based upon an alleged erroneous conclusion of law which appeared on the face of the record and was timely filed under OCGA § 9-11-60 (d) (3).

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 22, 1994 —
RECONSIDERATION DENIED DECEMBER 5, 1994 — 

*Elwyn G. Beddingfield*, for appellants.

*Thompson & Smith, Larry I. Smith, Allgood & Daniel, Robert L. Allgood*, for appellee.