**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**February 26, 2013**

# In the Court of Appeals of Georgia

A12A2233. THE STATE v. BOYKIN.

McFADDEN, Judge.

The state appeals from a trial court order granting Timothy Boykin's plea in bar and dismissing criminal charges due to expiration of the applicable statutes of limitation. The state argues that the statutes of limitation had been tolled by the "person unknown" exception. However, that exception does not apply in this case because Boykin was not an unknown person, and instead was one of the state's primary suspects shortly after the alleged crimes were committed. Accordingly, we must affirm.

"The appellate standard of review for a plea in bar asserting a statute of limitation defense is a de novo review of the issues of law. As this ruling involves a mixed question of fact and law, we accept the trial court's findings on disputed facts

and witness credibility unless they are clearly erroneous, but independently apply the law to the facts." (Citations and punctuation omitted.) *Royal v. State*, 314 Ga. App. 20, 21 (1) (723 SE2d 118) (2012).

The evidence shows that in the early morning hours of July 23, 1994, a woman reported to the Summerville police that a man had broken into her house, raped her and then fled. Police went to the scene and learned that Boykin had recently been seen in the immediate area of the house, as had another man, Curtis Avery. Based on their investigation of the scene, the police concluded that the attacker had disrobed outside the house, left his clothes on the lawn which had grass clippings on it, and then entered the home. Investigators observed that a trail of footprints in the dew on the ground led almost directly to Boykin's house. The police interviewed Boykin later that morning and discovered grass clippings in his underwear.

Based on the alleged victim's identification of Avery's voice as similar to that of her attacker, the state initially charged Avery with the crimes. But in May 1995, Avery was eliminated as a suspect because his DNA did not match that from semen and spermatozoa found on the victim's panties. Around that same time in 1995, Boykin pled guilty to crimes arising from another similar incident in Summerville, during which he entered a different victim's house in the middle of the night and

committed a sexual assault. Boykin has been incarcerated since that time. But he was not indicted for any crimes arising from the July 1994 incident until 2011, when the state discovered a putative match between his DNA and that found on the alleged victim's underwear. In 2011, Boykin was indicted for aggravated assault, two counts of armed robbery, two counts of rape and three counts of burglary for the July 1994 incident.

The trial court dismissed all the charges, ruling that the four-year statutes of limitation for aggravated assault and burglary, the seven-year statute of limitation for armed robbery, and the fifteen-year statute of limitation for rape had all expired. See OCGA §§ 17-3-1 (b) & (c). The state appeals.

1. *Statutes of limitation.*

"In criminal cases, the period of limitation runs from the commission of the offense to the date of the indictment." (Citations and punctuation omitted.) *Duke v. State*, 298 Ga. App. 719, 720 (1) (681 SE2d 174) (2009). Such "criminal limitations statutes are to be liberally interpreted in favor of repose. [Moreover, t]he burden is unquestionably upon the state to prove that a crime occurred within the statute of limitation, or, if an exception to the statute is alleged, to prove that the case properly falls within the exception." (Citations and punctuation omitted.) *State v. Robins*, 296

3

Ga. App. 437, 439 (674 SE2d 615) (2009). "'If a defendant prevails on a pretrial plea in bar on the statute of limitation, the charge should be dismissed.' [Cit.]" *State v. Conzo*, 293 Ga. App. 72, 74 (2) (666 SE2d 404) (2008).

As the trial court ruled in this case, since the alleged offenses were committed on July 23, 1994, the respective four-year, seven-year and fifteen-year statutes of limitation had all expired well before the 2011 indictment. Thus, in order to avoid dismissal, the state bears the burden of proving that the case falls within an exception to the statutes of limitation.

2. *DNA exception*.

We note that the state does not claim that the "DNA exception," as set forth in former OCGA § 17-3-1 (c.1), applies to this case. Rather, at the plea in bar hearing and in its appellate brief, the state has acknowledged that the physical evidence allegedly containing DNA evidence was destroyed, and the parties' stipulation of facts indicates that no portion of that evidence was retained for further testing. Accordingly, the state concedes that it cannot rely on the provisions of OCGA § 17-3-1 (c.1) to avoid the expiration of the applicable statutes of limitation.

3. *Person unknown exception.*

The state does rely on OCGA § 17-3-2 (2), which provides in pertinent part that "[t]he period within which a prosecution must be commenced under OCGA § 17-3-1 or other applicable statute does not include any period in which . . . [t]he person committing the crime is unknown." The state reasons that it did not have actual knowledge that Boykin was the perpetrator until it obtained the DNA results in 2011, and thus the statutes of limitation were tolled until that time. However, the Georgia Supreme Court has held

> that the General Assembly intended for the "person unknown" tolling exception to apply to a situation . . . where there is no identified suspect among the universe of all potential suspects. The tolling exception to the statute of limitations cannot be based upon the subjective opinion of the district attorney as to whether there was enough evidence to file charges against a particular person. Otherwise, there would be tolling of the statute of limitations for routine investigation into a crime. . . . Such a broad interpretation of the tolling period would permit the exception to swallow the rule.

*Jenkins v. State*, 278 Ga. 598, 603 (1) (A) (604 SE2d 789) (2004).

The instant case is not one in which there was no identified suspect. On the contrary, the evidence unequivocally shows that the state had actual knowledge of Boykin's identity as one of two suspects almost immediately after the crime occurred in 1994. Indeed, according to the testimony of the former Summerville Chief of Police, at the time of the initial investigation "Mr. Boykin was the prime suspect for

5

the incident." And in 1995, after the other suspect, Avery, had been eliminated by DNA results as the perpetrator, Boykin was again the state's prime suspect. Accordingly, the "person unknown" exception does not apply and "we affirm the trial court's ruling on the dismissal of the . . . charges due to the expiration of the statute[s] of limitation." (Citations omitted.) *Jenkins*, supra.

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*