**FOURTH DIVISION**
**DILLARD, P. J.,**
**RAY and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 14, 2017**

# In the Court of Appeals of Georgia

A17A0108. THE STATE v. DORSEY.

RAY, Judge.

Nakia Dorsey was indicted with two counts of false imprisonment, two counts of sexual battery, and one count of simple battery arising from incidents that took place during his employment as a sheriff's deputy. The State appeals from the trial court's order granting Dorsey's plea in bar and motion to dismiss each count of the indictment. On appeal, the State argues that the trial court erred in finding that the three misdemeanor counts – two counts of sexual battery and one count of simple battery – were barred by the statute of limitation. The State also argues that the trial court erred in granting Dorsey's motion to dismiss the two counts of false imprisonment because the State allegedly failed to comply with OCGA § § 17-7-52 and 45-11-4. For the following reasons, we affirm the trial court's dismissal of the

three misdemeanor counts and reverse the trial court's dismissal of the false imprisonment counts.

The State alleges that Dorsey committed crimes against two women on two separate dates. The indictment alleges that Dorsey committed false imprisonment against one woman on October 3, 2011, and that Dorsey committed false imprisonment, two counts of sexual battery, and one count of simple battery against another woman on May 30, 2012. Dorsey filed a plea in bar and motions to dismiss the indictment.

At the hearing on these motions, the State made the following proffer: On the dates of the incidents, Dorsey was employed as a deputy with the Fulton County Sheriff's Department and was assigned to the court services division. On October 3, 2011, Dorsey was working in a courtroom when he confiscated a cell phone from a female defendant in a court proceeding. The woman was not in the custody of the State. He later escorted the victim to an office adjacent to the courtroom where he held her against her will, grabbed her breasts and buttocks, placed her hand on his penis and exposed his penis to her. On May 30, 2012, Dorsey was assigned to a courtroom when he confiscated a cell phone from another female defendant in a court proceeding. She was also not in the State's custody. He later took the victim to

2

another courtroom on the fifth floor of the courthouse, where he held her against her will while he touched her breasts and buttocks, put his mouth on her breasts, and exposed his penis to her. The women immediately made outcries to other deputies. The October 2011 incident was handled internally, but the May 2012 incident was reported to the police.

The trial court granted Dorsey's motion to dismiss the misdemeanor charges and granted his plea in bar. The State appeals from that order.

1. The State argues that the trial court erred when it granted Dorsey's plea in bar as to the three misdemeanor counts on the grounds that the indictment was filed one day late. We disagree.

> The appellate standard of review for a plea in bar asserting a statute of limitation defense is a de novo review of the issues of law. As this ruling involves a mixed question of fact and law, we accept the trial court's findings on disputed facts and witness credibility unless they are clearly erroneous, but independently apply the law to the facts.

(Citation and punctuation omitted.) *Royal v. State*, 314 Ga. App. 20, 21 (1) (723 SE2d 118) (2012). The State bears the burden of proving that a crime occurred within the statute of limitation. *State v. Boykin*, 320 Ga. App. 9, 10 (1) (739 SE2d 16) (2013).

3

The State's indictment was filed on May 30, 2014, exactly two years after the incidents that took place on May 30, 2012. The trial court granted Dorsey's plea in bar, reasoning that the date of the offense is counted in the computation of the limitation period and, thus, that the indictment had been filed a day after the expiration of the statute of limitation.

OCGA § 17-3-1 (e) provides that the "[p]rosecution for misdemeanors shall be commenced within two years after the commission of the crime." The two-year period in which a misdemeanor must be prosecuted runs from the date the offense is committed until the date the original accusation is filed. *Prindle v. State*, 240 Ga. App. 461, 461 (1) (523 SE2d 44) (1999). See also *Boykin*, supra at 10 (1) ("In criminal cases, the period of limitation runs from the commission of the offense to the date of the indictment") (citation and punctuation omitted).

Dorsey cites *McClendon v. State*, 14 Ga. App. 274 (80 SE 692) (1914), for the assertion that the State's indictment was filed a day late. In *McLendon*, this Court noted that two lines of cases had developed: in one, "[w]here days are to be computed," the time computation statute applied and "only the first or the last [day] counted," but in the other, where the computation is of months or years, "the right is lost, unless invoked on or before the day last preceding the day of the month or year

corresponding to the day upon which the right accrued." Id. at 274-275. As the misdemeanor statute of limitation was measured in years, and not days, *McClendon* held that an accusation filed on the second anniversary of the alleged crime was one day late. Id.

The State argues that *McClendon* has been superceded by statute. In 1985, the General Assembly amended OCGA § 1-3-1, which governs the construction of statutes. OCGA § 1-3-1 (d) (3) provides, in pertinent part:

> COMPUTATION OF TIME. *Except as otherwise provided by time period computations specifically applying to other laws*, when a period of time measured in days, weeks, months, years or other measurements of time except hours is prescribed for the exercise of *any privilege or the discharge of any duty*, the first day shall not be counted but the last day shall be counted*;* and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to *exercise the privilege or to discharge the duty*. When the last day prescribed for such action falls on a public and legal holiday . . . the party having the privilege or duty shall have through the next business day to exercise the privilege or to discharge the duty.

(Emphasis supplied). However, OCGA § 1-3-1 (d) (3) does not apply to the statute of limitations in criminal prosecutions. In *McClendon*, supra, this Court specifically held that a criminal "prosecution is not the 'exercise of any privilege' or the

'discharge of any duty' by a person claiming a right, and certainly in criminal prosecutions Sundays are not to be excluded in the calculation of time." *McClendon*, supra. When interpreting the meaning of a statute,

> we must presume that the General Assembly had full knowledge of the existing state of the law and enacted the statute with reference to it. We construe statutes in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.

(Punctuation and footnotes omitted.) *Chase v. State*, 285 Ga. 693, 695 -696 (2) (681 SE2d 116) (2009). See also *Barbush v. Oiler*, 158 Ga. App. 625, 625 (281 SE2d 359) (1981) ("Statutes are to be construed in connection and in harmony with existing law") (citation and punctuation omitted).

Since we assume that the General Assembly had knowledge of the holding in *McClendon*, supra, it is clear that by specifically noting that OCGA § 1-3-1 (d) (3) applies only to the "exercise of any privilege or the discharge of any duty[,]" the General Assembly excluded criminal prosecutions from the calculation of the statute of limitations in that statute. Criminal defendants have the right to be prosecuted in a timely manner, and it is clear that the General Assembly did not grant the State

6

additional time in which to seek such a prosecution if the statute of limitations falls on a weekend or a legal holiday.[1] Accordingly, we find that the trial court did not err in concluding that the State's prosecution of the three misdemeanor charges was barred by the statute of limitation.

2. Dorsey moved to quash the indictment on the ground that he had not been permitted to be present and to make a sworn statement when the case was presented to the grand jury. "Peace officers are afforded these rights under OCGA §§ 17-7-52 and 45-11-4 if charged with a crime which is alleged to have occurred while in the performance of their official duties." (Citation and punctuation omitted.) *Gober v. State*, 203 Ga. App. 5, 5 (1) (416 SE2d 292) (1992), overruled in part on other grounds, *Dudley v. State*, 273 Ga. 466, 468, n. 4 (542 SE2d 99) (2001). The trial court granted the motion, finding that Dorsey was performing his official duties because he was on duty in the courthouse and in uniform at the time of the alleged crimes. The State alleges that this finding was in error. Under precedent to which we are bound, we agree and reverse this holding by the trial court.

---

[1] Under the rationale and analysis put forth by the State, it might have more than two years to file an indictment under OCGA § 1-3-1 if that date falls on a Saturday. If the following Monday were also a holiday, it could even receive two or more extra days to file an indictment. We do not agree that this is permitted by OCGA § 1-3-1.

7

OCGA § 17-7-52 (a) "was intended to afford police officers the same procedural protection afforded to other public officials as to accusations arising from the performance or non-performance of their official duties." (Punctuation and footnote omitted.) *Worthy v. State*, 307 Ga. App. 297, 304 (3) (704 SE2d 808) (2010). OCGA § 45-11-4 is "narrowly drawn and relate[s] only to misconduct in public office." (Punctuation and footnote omitted.) Id.

In *Gober,* supra, this Court held that a Georgia State Patrol officer who took a driver into custody for DUI was not acting in the performance of his official duties when, instead of taking her to jail, he drove her to a secluded place and exchanged sex for a promise not to arrest her. Accordingly, the trial court's denial of the defendant's motion to quash the indictment for failure to comply OCGA § § 17-7-52 and 45-11-4 was not in error. Id. at 5-6 (1).

In the instant case, Dorsey did not testify at the hearing on the motion to quash the indictment, but the State acknowledged that he was a certified peace officer and that the alleged offenses occurred during his working hours. However, Dorsey stepped aside from the performance of his official duties when he allegedly engaged in acts of restraining women against their will, groping their breasts and buttocks, and exposing his genitalia. See *State v. Galloway*, 270 Ga. App. 184, 185 (606 SE2d 273)

8

(2004) (police officer who took women into custody and forced them to engage in sexual intercourse was not doing so in the performance of his official duties); *Wiggins v. State*, 280 Ga. 268, 269-270 (1) (626 SE2d 118) (2006) (police officer was not acting in the course of his official duties when he threatened a minor with arrest if she did not have sex with him).

*Judgment affirmed in part and reversed in part. Self, J., concurs. Dillard, P. J., concurs fully to Division 1 and concurs in the judgment only as to Division 2.*

A17A0108. THE STATE v. DORSEY.

DILLARD, Presiding Judge, concurring fully in Division 1 and concurring in judgment only in Division 2.

I concur fully in Division 1 and concur in judgment only in Division 2 because I do not agree with all that is said in that division of the majority opinion. As a result, Division 2 of the majority opinion decides only the issues presented in that division and may not be cited as binding precedent. See Court of Appeals Rule 33 (a).