# Court of Appeals
# of the State of Georgia

ATLANTA,  June 13, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2092.  NAKIA DORSEY v. THE STATE.**

In May 2014, Nakia Dorsey was indicted for two counts of false imprisonment, two counts of sexual battery, and one count of simple battery.  The trial court subsequently granted Dorsey's plea in bar and motion to dismiss each of the counts of the indictment.  On appeal, this Court affirmed the dismissal of the sexual battery and simple battery counts, but reversed the dismissal of the false imprisonment counts.  *State v. Dorsey*, 342 Ga. App. 188 (802 SE2d 61) (2017).

After remand, Dorsey filed another plea in bar, motion for discharge and acquittal, and motion to dismiss the false imprisonment counts with prejudice based on state and federal speedy trial rights.  The trial court denied his plea in bar and motion to dismiss on April 26, 2018.  Dorsey filed a notice of appeal of the that order on April 30, 2018.  On that same day, after the trial court informed Dorsey that his case would proceed to trial, Dorsey entered a plea of guilty to the false imprisonment counts.  The instant appeal involves the April 26 order denying Dorsey's plea in bar and motion to dismiss.  The State has filed a motion to dismiss the appeal.

In *Sosniak v. State*, 292 Ga. 35, 40 (2) (734 SE2d 362) (2012), the Supreme Court held that an order denying a pre-trial constitutional speedy trial motion is not directly appealable and that a defendant thus must follow the OCGA § 5-6-34 (b) interlocutory appeal procedures to obtain immediate appellate review of such an order. See also *Stevens v. State*, 292 Ga. 218, 218-219 (734 SE2d 743) (2012). Dorsey's failure to follow the required appellate procedure deprives us of jurisdiction.

Furthermore, having voluntarily entered a guilty plea, Dorsey has waived his right to assert speedy trial issues on appeal.  See *Wallace v. State*, 288 Ga. App. 480,

480-481 (654 SE2d 442) (2007); *Griffin v. State*, 278 Ga. 669 (604 SE2d 155) (2004). Under these circumstances, Dorsey's direct appeal is moot. See OCGA § 5-6-48 (b) (3) (providing for dismissal of an appeal when the questions presented have become moot).

Accordingly, the State's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  06/13/2019*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*