### 2184.   DYER *et al. v.* THE STATE.

A county commissioner charged with malpractice in office is entitled to be served with a copy of the indictment (in which the merits of the complaint are specifically set forth), before the same is laid before the grand jury, and has the right to appear before the grand jury and be heard in his own defense before action is taken upon the accusation by that body.

Indictments for malpractice in office; from Hall superior court —Judge Kimsey.   September 16, 1909.

Argued October 25,—Decided November 9, 1909.

*H. H. Dean, F. M. Johnson, W. B. Sloan, J. O. Adams,* for plaintiffs in error.   *W. A. Charters, solicitor-general,* contra.

RUSSELL, J.   The plaintiffs in error were indicted, as members of the board of commissioners of roads and revenues of Hall county, for malpractice in office.   The only question raised for our determination by the present record is whether such officers are entitled, before indictment, to notice of the charges against them, by service of a copy of the proposed accusation, and to an opportunity of being heard in their own defense.   We think that there can be no question that the plaintiffs in error were entitled to notice and a hearing upon the charge of malpractice in office.   As officers they were acting upon oath, and for that reason had a right, not accorded to citizens in general, of explaining their conduct, so that if the case was one without foundation, they should not be annoyed by being required to defend, and (what is more important) should

not be injured in the public estimation, or their public efficiency be impaired, while resting under a baseless charge.    The original malpractice act, as embraced in the code of 1863, §4391, applied only to justices of the peace, and, so far as is material, reads as follows: "Any justice of the peace, charged with malpractice in office *by using* oppression, tyrannical partiality, or any other conduct unbecoming his character as an upright magistrate, etc., may be indicted, which indictment shall specifically set forth the merits of the complaint, and a copy thereof be served upon the defendant before the same is laid before the grand jury."    This act was amended in 1866 by changing the phraseology so as to read as follows: "Any justice of the inferior court or justice of the peace who may be charged with malpractice in office, *or with* using oppression or tyrannical partiality, or with any other conduct unbecoming the character of an upright magistrate," etc.    Acts of 1865-6, p. 233. This amendment of 1866 was used in the Code of 1868, §4432. In 1873 the words "ordinary or member of any board of commissioners, and county judge," were substituted for the words "justice of the inferior court."

It is very plain that by striking out the word "by," and inserting the words "or with," where the words *"by using oppression"* appeared in the original malpractice act, the legislature intended to say that the offense could be committed in other ways than *by* using oppression.    The Codes of 1873 and 1882 (§4504) contain the same provisions.    *"Malpractice by Justices of the Peace and others.*    [Any ordinary, or member of any board of commissioners, or county judge, or] justice of the peace, who shall be charged with malpractice in office, or with using oppression or tyrannical partiality, or with wilfully refusing or failing to preside in or hold his court at regular terms thereof, or when it is his duty under the law to do so, or with using any other means to delay or avoid the due course or proceeding of law, or with any other conduct unbecoming the character of an upright magistrate, or who shall wilfully and knowingly demand more cost than he is entitled to by law, in the administration and under color of his office, may be indicted; which indictment shall specially set forth the merits of the complaint, and a copy thereof be served on the defendant before the same is laid before the grand jury; and the prosecutor and the justice, and their witnesses, shall have the

right of appearing and being heard before the grand jury; which indictment, if found true by the grand jury, shall, as in other cases, be tried by a petit jury; and if the defendant be convicted, he shall be punished by fine or imprisonment in the common jail of the county, or both, at the discretion of the court, and shall moreover be removed from office, if still in office."

As said by Judge McCay in *Oliveira* v. *State*, 45 *Ga.* 557: "The whole of this provision for the prosecution of public officers for malpractice indicates the intention of the legislature that the proceedings shall be guarded with more than the ordinary strictness. The accused is entitled to notice of the charge, and to a copy of the bill of indictment, before the bill is found. He has, too, a right to go before the grand jury, to cross-examine the witnesses, and perhaps to bring forward matters in explanation and defense. The act further provides that the indictment shall 'specially set forth the merits of the complaint.' This is far stronger language than is used in other indictments: Code, §4432. Section 4535 provides, as a general rule, that it shall be sufficient to set forth the offense in the language of the code. Something more must therefore be meant by the special provision of this section—4432."

In our view the act of 1879 (Acts of 1878-9, pp. 160, 161), which provided that failure to let out contracts for the building of bridges at public outcry to the lowest bidder was malpractice in office and should be punished accordingly, was not repealed by the language used in section 291 of the Penal Code, in which it is said that the defendant "shall be punished as for a misdemeanor," etc. See *Ga. R. Co.* v. *Wright*, 124 *Ga.* 597 (53 S. E. 251). The act of 1895 did not operate to repeal the punishment prescribed for malpractice in office, whereby the defendant, upon conviction, was removed from office; and it is clear that, under the act of 1879, supra, it was malpractice to let out a contract for the building of bridges in violation of the provisions of that act, and subjected the commissioner not only to fine or imprisonment, or both, but also to removal from office. The statement in §291 of the present Penal Code, that the defendant "shall be punished as · for a misdemeanor," does not change the fact that the specific offense is malpractice in office, nor affect the additional penalty of removal from office.

Sections 291 and 292 of the present Penal Code were made by the division of §4504 of the Codes of 1873 and 1882 into two sections,

as follows: "§291. Malpractice by justices of the peace and others. Any ordinary, member of any board of commissioners, county judge, or justice of the peace, who shall be charged with malpractice in office, or with using oppression or tyrannical partiality, or with wilfully refusing or failing to preside in or hold his court at the regular terms thereof, or when it is his duty under the law to do so, or with using any other means to delay or avoid the due course or proceeding of law, or with any other conduct unbecoming the character of an upright magistrate, or who shall wilfully and knowingly demand more costs than he is entitled to by law, in the administration and under color of his office, shall be punished as for a misdemeanor and shall be removed from office." "§292. Indictment for malpractice. An indictment under the preceding section shall specially set forth the merits of the complaint, and a copy thereof shall be served on the defendant before it is laid before the grand jury. The prosecutor, and the defendant, and their witnesses, shall have the right of appearing before, and being heard by, the grand jury."

As the law stands, therefore, the defendants were entitled to notice and a hearing before the grand jury, if they desired, and the judgment of the judge of the superior court to the contrary must be                                                                    *Reversed.*