69348. AXSON v. THE STATE.
(329 SE2d 566)

BEASLEY, Judge.

Axson is the former clerk of Superior Court in Chatham County. He is charged with theft by conversion for allegedly collecting the surcharges to users of the clerk's office and converting the surcharges to his own use, and with violating the oath of public office. In connection with pending grand jury proceedings on his indictment, he apparently has been given, as an accommodation, the opportunity which is a right of a state official under OCGA §§ 45-15-11 and 45-11-4 to appear before the grand jury and make a sworn statement. He made several motions before the superior court concerning the grand jury proceedings, all of which were denied. He applied for interlocutory appeal concerning the denial of the motions and we granted such appeal only on whether the trial court erred in denying Axson the right to have his witnesses appear before and be heard by the grand jury considering his indictment. *Held*:

1. Axson resigned as clerk before the institution of any proceedings against him. He is no longer a state official and thus is not entitled to any of the procedures of OCGA § 45-11-4 and § 45-15-11. What makes OCGA § 45-11-4 applicable to state officials is OCGA § 45-15-11, which provides: "Before an indictment charging any state official with misfeasance or malfeasance in office is presented to a grand jury, the rights provided in Code Section 45-11-4 shall be afforded said official and the district attorney of the county where the grand jury will convene shall notify the Attorney General of such contemplated action." Axson was not a state official when the indictment was presented.

2. Generally an accused person has no right to appear or to submit evidence on his behalf to a grand jury, not even with the consent

of the prosecuting attorney. However, § 89-9908 of the 1933 Code provided that "[t]he prosecutor and the defendant [state official], and their witnesses, shall have the right of appearing before and being heard by the grand jury." This section was amended in 1967 to omit that sentence and to add that the statement of the defendant could be sworn or unsworn and that he would not be subject to cross-examination nor would he have the right to examine witnesses. Ga. L. 1967, p. 858, § 1. The section was reenacted in 1975 and the defendant was expressly limited to making a sworn statement only, and no right to have his witnesses heard was given. Ga. L. 1975, p. 1325, § 1. The OCGA was enacted in 1981 effective November 1, 1982 and this section became § 45-11-4. Ga. L. 1981, Extraordinary Session, p. 8. It provided that: "The prosecution and the [state official] and their witnesses shall have the right to appear and to be heard before the grand jury." This apparent inadvertence, as there was no enabling legislation, in effect gave a state official a right to a trial of the facts before the grand jury.

Although OCGA § 1-1-1 states that the Code shall have the effect of statutes enacted by the General Assembly, § 1-1-2, Legislative Intent, states that the Code is intended as a recodification, revision, modernization and reenactment of the general laws of the state and is not intended to alter the substantive law in existence. The two, of course, must be read together to effect the true intent of the legislature. *Daniel v. C & S Nat. Bank*, 182 Ga. 384, 395 (185 SE 696) (1936).

In 1984, one of the first acts of the General Assembly was an extensive tidying up of the comprehensive new Code which had been adopted previously. The housekeeping act, Ga. L. 1984, p. 22 was to become effective immediately upon approval by the Governor or upon its becoming law without his approval. The former made it extant on February 3, 1984. Ga. L. 1984, pp. 22, 130, § 55. Its title shows its purpose: "To amend the Official Code of Georgia Annotated, so as to correct typographical, stylistic, and other errors and omissions in the Official Code of Georgia Annotated and in Acts of the General Assembly amending the Official Code of Georgia Annotated; to reenact the statutory portion of the Official Code of Georgia Annotated, as amended; to provide for necessary or appropriate revisions and modernizations of matters contained in the Official Code of Georgia Annotated; to provide for and to correct citations in the Official Code of Georgia Annotated and other codes and laws of the state; to provide an effective date; to provide for other matters relating to the Official Code of Georgia Annotated; to repeal conflicting laws; and for other purposes."

Section 45 (10) amended OCGA § 45-11-4 to delete the language permitting an accused official to present witnesses before a grand

jury. Ga. L. 1984, pp. 22, 116, § 45 (10).

Thus it seems clear that the General Assembly did not intend, when it adopted the comprehensive new Code, to put back into this Code section the language it had deleted in 1967, and the section should be so construed.

3. This provision, with the right-to-witnesses portion expressly removed, was in effect when Axson's indictment was considered by the grand jury. Axson argues that the application of the current amendment would be ex post facto. Since the law did not apply to Axson for the reason that he had resigned, this argument is moot.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur in Divisions 1 and 3 and in the judgment.*

DECIDED MARCH 12, 1985 —
REHEARING DENIED MARCH 28, 1985 —

*John Wright Jones, Noble L. Boykin, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.