## 46611. THE STATE v. DEASON.
### (378 SE2d 120)

HUNT, Justice.

This case presents a constitutional challenge, under the equal protection clauses of the state and federal constitutions, to OCGA § 45-11-4, which affords certain enumerated officials the privilege of appearing before the grand jury prior to indictment.[1]

Deason, then the tax commissioner of Cook County, was indicted for the felony of theft by taking.[2] Her request that she be afforded the privilege of appearing before the grand jury considering the indictment was denied because she was not one of the officials enumerated in OCGA § 45-11-4. Subsequently, the trial court held OCGA § 45-11-4 unconstitutional, as violating equal protection, and quashed the indictment. The state appeals.

OCGA § 45-11-4 provides, in relevant part:

> Any *judge of the probate court, member of any board of commissioners,* or the *mayor or member of any municipal governing authority* who shall be charged with malpractice in office . . . may be indicted. The indictment shall specially set forth the merits of the complaint. A copy of the indictment shall be served on the defendant before it is presented to the grand jury. The accused shall have the right to appear before the grand jury and make such sworn statement as he shall desire at the conclusion of the presentation of the state's evidence. The accused shall not be subject to examination, either direct or cross, and shall not have the right individually or through his counsel to examine the witnesses. The accused and his counsel shall have the right to be present during the presentation of all evidence and statements of the accused on the proposed indictment, presentment, or accusation after which he and his counsel shall retire from the grand jury room. . . . [Emphasis supplied.]

---

[1] Under OCGA §§ 17-7-52; 45-15-11 peace officers and state officials are also afforded the protection of OCGA § 45-11-4. The constitutionality of these two statutes is not at issue here.

[2] In the indictment, Deason was charged with having appropriated funds from the tax commissioner's office. She was defeated in an election held after the trial court quashed her indictment.

Although there is no constitutional right to appear before a grand jury, see 38 CJS 1039, Grand Juries, § 40 (1943); *Axson v. State*, 174 Ga. App. 236 (2) (329 SE2d 566) (1985), the state, having undertaken to afford that right to certain persons, must do so in a constitutional manner. See *Browning v. State*, 254 Ga. 478, 479 (2) (330 SE2d 879) (1985). The parties agree that because no fundamental right or suspect class is involved, the classification created by OCGA § 45-11-4 must meet the "reasonable basis" test. Id. at 480 (2a). Under this relatively relaxed standard, if the classification involved has some "reasonable basis," it is presumed valid and is not unconstitutional simply because it " 'is not made with mathematical nicety or because in practice it results in some inequality.' " Id. citing *Dandridge v. Williams*, 397 U. S. 471, 485 (90 SC 1153, 25 LE2d 491) (1970). The standard is relatively relaxed because of judicial awareness that drawing lines creating distinctions is a peculiarly legislative task, id., and a statutory distinction will not be set aside as a denial of equal protection if there is any state of facts which might justify it. *McLennan v. Aldredge*, 223 Ga. 879, 885 (5) (159 SE2d 682) (1968).

A review of the statute in its previous and current forms shows the officers afforded the privileges of OCGA § 45-11-4 have generally been, and presently are, county or municipal officers with broad governing power, who are vested with authority which requires them to exercise discretion. In exercising that discretion, these officers may cause resentment among certain citizens, and may be subjected to frivolous charges. Tax commissioners, on the other hand, have more limited, ministerial duties, generally consisting of receiving and reporting tax information and collecting and paying over taxes. See OCGA §§ 48-5-103; 48-5-127. Thus, we find OCGA § 45-11-4 rationally related to at least one legitimate state interest — that of protecting certain government officials, who are vested with authority requiring them to exercise discretion, against possible frivolous indictments pursued by persons aggrieved by the exercise of that discretion. The legislative rationale appears to be that if these officials are not so protected, their reputation and efficiency in office could be impaired while defending baseless charges. *Sweeney v. Balkom*, 358 F2d 415, 417 n. 9 (5th Cir. 1966)[3]; *Dyer v. State*, 7 Ga. App. 58 (65 SE 1089) (1909).

We hold the classification established by OCGA § 45-11-4 has a "reasonable basis" and find no equal protection violation.[4] Accord-

---

[3] In *Sweeney*, the 5th Circuit Court of Appeals held, in deciding a constitutional challenge to the statute by a private citizen, OCGA § 45-11-4 did not deny equal protection to persons who were not public officials by granting its privileges to certain public officials.

[4] We do not comment on the wisdom of the statute, but note others have seriously questioned the advisability of the special privilege it affords. See *Sweeney v. Balkcom*, supra at

ingly, the trial court erred by quashing the indictment.
*Judgment reversed. All the Justices concur.*

DECIDED APRIL 13, 1989.

*Lew S. Barrow, District Attorney, Rosemary Kittrell, Joseph L. Chambers,* for appellant.
*Perry, Moore & Studstill, Daniel L. Studstill,* for appellee.

417 n. 7. Indeed, Georgia appears to be the only state which accords public officials charged with malfeasance in office the right to appear before the grand jury. Id.; 38 CJS 1038, Grand Juries, §§ 39 n. 38; 40.