A90A0191. LUNDY v. THE STATE.
(394 SE2d 559)

SOGNIER, Judge.

Clayton Lundy was convicted on nine counts of bribery and three counts of theft by taking for acts that occurred while he was employed as an investigator for the Floyd County District Attorney. He appeals from the judgment entered on the jury verdict.

1. Appellant contends his motion to dismiss the indictment should have been granted because as a peace officer, under OCGA § 17-7-52 he should have been accorded the rights delineated in OCGA § 45-11-4. Appellant was first certified as a peace officer in 1982 while employed by the Rome Police Department, and was authorized to act as a peace officer when he began work as an investigator for the district attorney in early 1985. Although appellant was employed as an investigator when the criminal acts at issue occurred, he was discharged from that position on June 16, 1988, and was working for an automobile dealership at the time of his indictment in October 1988.

Under OCGA § 17-7-52, "[b]efore an indictment against a peace officer charging the officer with a crime which is alleged to have occurred while he was in the performance of his duties is returned by a grand jury, the officer shall . . . be afforded the rights provided in Code Section 45-11-4," which include the right to receive a copy of the indictment before it is presented to the grand jury; to be present, with counsel, during the presentation of evidence before the grand jury; and to make a sworn statement to the jury at the close of the State's presentation. The purpose of OCGA § 17-7-52 is "to afford to [peace] officers the same procedural protection afforded [by OCGA § 45-11-4] to other public officials as to accusations arising from the performance or non-performance of their official duties. [Cit.]" *Mize v. State*, 152 Ga. App. 190, 191-192 (1) (262 SE2d 492) (1979). These

procedural protections have been established by the General Assembly to protect "certain government officials, who are vested with authority requiring them to exercise discretion, against possible frivolous indictments pursued by persons aggrieved by the exercise of that discretion . . . [so that] their reputation and efficiency in office [are not] impaired while [they defend against] baseless charges. [Cits.]" *State v. Deason*, 259 Ga. 183, 184 (378 SE2d 120) (1989).

Appellant contends these procedural safeguards should have been extended to him because he was a peace officer at the time the charged acts occurred and the acts arose during his performance of his official duties. We disagree, and find this enumeration is controlled by the holding in *Axson v. State*, 174 Ga. App. 236 (1) (329 SE2d 566) (1985), in which this court found that a former superior court clerk who was charged with crimes arising out of the performance of his official duties and claimed entitlement to the protections of OCGA § 45-11-4 as a "state official" pursuant to OCGA § 45-15-11 (which is analogous to OCGA § 17-7-52) was not covered by OCGA § 45-11-4 because he resigned his position as clerk before the indictment was presented. Given that the purpose of the statute is to prevent officials from being distracted from the performance of their duties while they defend themselves against baseless charges, we find no merit in appellant's argument that the protections of OCGA §§ 17-7-52; 45-11-4 should be extended to one who is charged with official misdeeds but who is no longer employed as a government official or peace officer when proceedings against him or her are commenced.

2. Appellant next challenges the trial court's denial of his motion for a directed verdict of acquittal on the bribery charges. Evidence was adduced that on nine separate occasions appellant informed a person against whom criminal charges had been filed that the charges would be dismissed if the accused paid a certain sum to appellant for court costs. Each of these persons testified at trial to making payments by cash or check to appellant. It is undisputed that appellant was not authorized to accept payments for court costs or fines on behalf of the county; no payments for court costs were recorded in the official county records for any of the nine cases; and in each case appellant sought or obtained dismissal of the charges. Appellant contends that because each witness testified that appellant had stated the requested payments were for court costs or fees as a prerequisite for dismissing the charges, the payments were not made "with the purpose of influencing him in the performance of [his official duties]" as required by OCGA § 16-10-2 (a) (1). This argument, however, ignores the fact that appellant was charged with *soliciting* and *receiving* consideration to which he was not entitled, a violation of OCGA § 16-10-2 (a) (2). The evidence was sufficient to authorize a conviction on that charge. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61

LE2d 560) (1979).

3. Appellant's contention that the theft by taking charges were not supported by the evidence because the witnesses willingly paid him money for court costs or fines is similarly without merit. The evidence established that on three occasions appellant obtained payments for what he said were court costs or fines required as a prerequisite for dismissing pending charges and gave one payor a receipt for "court costs." Again, there is no dispute that appellant was not authorized to collect payments for court costs or fines, and no such payments were forwarded to the appropriate county officials. This evidence was sufficient to establish commission of the crime of theft by taking, which is defined as the "[unlawful taking of] any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2. Although the evidence also may have shown theft by deception under OCGA § 16-8-3, the phrase "regardless of the manner in which the property is taken or appropriated" renders the theft by taking statute sufficiently broad to encompass thefts perpetrated by deception, and thus the evidence was sufficient under the standard set forth in *Jackson,* supra. *Cole v. State,* 186 Ga. App. 243-244 (1) (366 SE2d 844) (1988).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 1, 1990 —
REHEARING DENIED MAY 18, 1990.

*Danny W. Crabbe,* for appellant.

*Michael J. Bowers, Attorney General, Harrison W. Kohler, Deputy Attorney General,* for appellee.