## A91A1693. GOBER v. THE STATE.
(416 SE2d 292)

Judge Arnold Shulman.

As the result of an encounter with a motorist whom he stopped while on duty as a Georgia State Patrol trooper, the appellant was found guilty by a jury of rape, kidnapping with bodily injury, false imprisonment, violation of his oath as a public officer, sexual assault against a person in custody, and simple battery. He brings this appeal from the convictions and sentences entered on that verdict.

The evidence established that the appellant stopped Lisa Redmond at around 4:00 a.m. on November 26, 1989, as she was driving home from a convenience store in the company of her live-in boyfriend, Tim Gable. After administering an alcosensor test to her, the appellant informed Redmond that she had registered a blood-alcohol level of .18 and that he would have to take her to jail for DUI. He then asked Gable if he could drive their car home, but he responded that he could not do so because he had been drinking. The appellant thereupon drove the couple to their residence in his patrol car, dropped off Gable, and left with Redmond, ostensibly to take her to jail. However, he instead drove her to an isolated area, where he engaged in sexual intercourse with her. The appellant testified that Redmond voluntarily consented to the intercourse "in exchange for me not making a DUI case against her." However, Redmond testified unequivocally that she was not a willing and voluntary participant in the act and that she "didn't have any choice."

1. The appellant moved to quash the indictment on the ground that he had not been permitted to be present and to make a sworn statement when the case was presented to the grand jury. Peace officers are afforded these rights under OCGA §§ 17-7-52 and 45-11-4 if charged with a crime "which is alleged to have occurred while . . . in the performance of [their] official duties. . . ." In *Mize v. State*, 152 Ga. App. 190 (1) (262 SE2d 492) (1979), this court held that a police officer charged with participating in a burglary while in uniform and on duty was properly denied these protections, inasmuch as "[t]he performance of such official duties does not include the commission of burglaries." Id. at 192. The performance of official duties likewise does not include rape. Compare *State v. Roulain*, 159 Ga. App. 233 (2) (283 SE2d 89) (1981) (applying the statute in a prosecution against prison employees charged with involuntary manslaughter for having confined a prisoner under conditions which caused his death by heat prostration). Moreover, it appears that the appellant was dismissed from his job as a trooper some seven-and-one-half months before the case was presented to the grand jury. The appellant concedes that in *Lundy v. State*, 195 Ga. App. 682 (394 SE2d 559) (1990), this court recently held the statute to be inapplicable under

such circumstances; however, he urges us to reverse this decision. We decline and hold that the appellant's motion to quash the indictment was properly denied.

2. The appellant enumerates as error the denial of a motion in limine which he filed prior to trial seeking to prevent the district attorney from referring to Redmond as a "victim." In denying this motion, the trial court stated that "while reference to the alleged victim as 'the victim' may technically imply that a crime has been committed, the common usage of the term 'victim' in connection with criminal prosecutions embodies the concept that the complaining party is allegedly the object of a crime." The court thus concluded that the use of the term was "not such as to create a belief on the part of the jury that a crime has in fact been committed."

The appellant has cited no authority whatever suggesting that the use of such language by a prosecutor is grounds for a new trial, nor, for that matter, has he referred us to any specific instance in the present case wherein the state's attorney in fact used such terminology. In any event, since he admitted that he presented Redmond with a choice between being taken to jail or having sex with him and further admitted having "betray[ed] a public trust of my office" by engaging in such conduct, he is hardly in a position to assert that Redmond was not victimized by him. For these reasons, we hold that this enumeration of error establishes no ground for reversal.

3. The state was allowed to introduce as similar transaction evidence testimony that the appellant had committed a virtually identical rape approximately 24 hours earlier, as well as testimony that, some four years previously, he had given a woman a speeding ticket and then telephoned her the next day to tell her "he would be glad to take care of my ticket if I would meet him at one of the parks." The appellant contends that the latter incident was insufficiently similar to the one for which he was on trial to be admissible as similar transaction evidence with respect to the rape charge, since the woman in question admitted that he had not threatened, intimidated, or sexually assaulted her and further testified that he had dealt with her in a professional manner when he gave her the speeding ticket. For these very reasons, however, the testimony of this witness could not have been prejudicial to the appellant. Rather, it was, if anything, beneficial to him in that it supported his testimony that he had not raped the victim in the present case but had simply agreed not to charge her with DUI if she would have sex with him. It follows that this enumeration of error also establishes no ground for reversal.

4. The appellant contends the trial court erred "by allowing the district attorney to use the perjured testimony of a witness, Tim Gable, and by not calling Scott Rogers as a witness to correct the perjured testimony." Rogers lived with Gable and Redmond as their

roommate. It appears that in a pre-trial interview with an assistant district attorney, a memorandum of which was provided to defense counsel prior to trial, he stated that Gable "flew off the handle" when Redmond told him what the trooper had done and that the couple spent the next ten minutes "hollering at each other." Rogers was not called as a witness in the case. However, Gable was; and during cross-examination by defense counsel he denied that he had gone "berserk" when Redmond told him what had happened, testifying that he had remained calm and supportive. After the state rested, defense counsel moved the trial court to call Rogers as a witness, arguing that by not calling him itself, the state had allowed Gable to present uncorrected false testimony, thereby forcing the defense "into the position of calling the witness, and then perhaps losing the right to a closing argument. . . ."

This enumeration of error is without merit. This is not a situation wherein the state allowed a witness to give false testimony which defense counsel had no means of correcting. Compare *Smith v. Zant*, 250 Ga. 645 (3) (301 SE2d 32) (1983); *Allen v. State*, 128 Ga. App. 361 (196 SE2d 660) (1973). Rather, the state provided the defense with a copy of Rogers' statement prior to trial, thereby fully discharging whatever disclosure obligation it had in the matter. It cannot be considered guilty of prosecutorial misconduct under the circumstances merely because Gable gave testimony on cross-examination by the appellant's counsel which conflicted with that pre-trial statement.

5. The appellant contends that the trial court erred in prohibiting his counsel, on motion by the state, from arguing to the jury that certain inferences could be drawn from the state's failure to call Rogers as a witness. "As a general rule, 'the defendant is not permitted to comment on the State's failure to produce certain witnesses.' *Wilson v. Zant*, 249 Ga. 373, 384 (290 SE2d 442) (1982). Appellant has failed to demonstrate why that general rule should not be applied in his case. Therefore, we find no error." *Braggs v. State*, 189 Ga. App. 275 (3), 276-277 (375 SE2d 464) (1988).

6. The appellant contends the trial court erred "by refusing to charge the jury on the law of bribery under OCGA § 16-10-2 since it was [his] sole defense." The appellant was not charged with bribery and does not assert that bribery constituted a lesser included offense of any of the charges for which he was on trial. It follows that the trial court was under no obligation to charge on this offense. See generally *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976).

7. The appellant contends the trial court erred in charging the jury that "sexual intercourse with a woman whose will is temporarily lost due to intoxication is rape." As the evidence establishes without dispute that Redmond's will was not lost to intoxication at the time the intercourse took place, we must agree that there was no eviden-

tiary basis for this charge. However, in the context of the issues being tried and of the evidence as a whole, we hold that the charge was harmless — i.e., that it is highly probable that it did not contribute to the verdict. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

8. The appellant finally contends that because the bodily injury on which his kidnapping with bodily injury conviction was predicated consisted of the rape of which he was also convicted, these two offenses merged, with the result that the sentence of life imprisonment which he received for kidnapping with bodily injury must be vacated. The state concedes that these two offenses merged under the circumstances. See *Allen v. State*, 233 Ga. 200, 203 (210 SE2d 680) (1974). It contends, however, that kidnapping with bodily injury constituted the greater of the two offenses and that it is therefore the 20-year sentence imposed on the rape conviction which should be vacated, rather than the mandatory life sentence for kidnapping with bodily injury. See OCGA § 16-5-40 (b). We agree. See *Brown v. State*, 247 Ga. 298 (8) (275 SE2d 52) (1981). The appellant's sentence for rape is accordingly vacated. However, the judgment of the trial court is otherwise affirmed.

*Judgment vacated in part and affirmed in part. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 16, 1992 —
RECONSIDERATION DENIED FEBRUARY 20, 1992 — 

*Summer & Summer, Daniel A. Summer,* for appellant.

*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Leonard C. Parks, Jr., Assistant District Attorneys,* for appellee.