### A99A2269. DUDLEY v. THE STATE.
(527 SE2d 912)

JOHNSON, Chief Judge.

A police officer charged with committing a felony or a misdemeanor while in the performance of his duties is entitled to certain procedural protections under OCGA § 17-7-52, including the right to be prosecuted only upon a grand jury indictment.[1] But the protections afforded by OCGA § 17-7-52 do not apply to one who is no longer a police officer when a prosecution against him is com-

---

[1] OCGA § 17-7-52 (b).

menced.[2] Robert Dudley was the police chief in the town of Pineview when, during a traffic court proceeding, he had an argument with a city councilwoman and tried to arrest her for alleged disorderly conduct. During the incident, Dudley sprayed the councilwoman and others in court with pepper spray. About a month after the incident, Dudley resigned from the Pineview Police Department. After his resignation, the state charged Dudley by accusation with four counts of simple battery for having used the pepper spray, and he was eventually convicted of three of the counts. Were the misdemeanor charges by accusation improper because under OCGA § 17-7-52 Dudley could be prosecuted only upon a grand jury indictment? We hold that the accusation was not improper because it was filed after Dudley resigned from the police department, so he was no longer entitled to the rights given to police officers under OCGA § 17-7-52. Because Dudley's challenge to the accusation lacks merit, as do his challenges to the evidence sufficiency and to his sentence, we affirm his simple battery convictions.

Robert Dudley became the police chief of Pineview in January 1996. During his time as chief, Dudley had several disagreements with Pineview City Council member Glenda McMillar. On the evening of January 2, 1997, Dudley was in the city court for hearings. McMillar was also present in the courtroom that evening to sign a property bond for a party appearing before the court.

While McMillar was in the courtroom, she and Dudley exchanged words. She claims that he made various threats to and accusations against her, and he claims that she swore at him. During the argument, Dudley told McMillar that she was under arrest for disorderly conduct, and he grabbed her wrist. She told him to remove his hands and pulled away from him. Dudley then sprayed McMillar in the face with pepper spray. She picked up a bullhorn that was on a nearby table and threw it at Dudley. He sprayed McMillar again, and she ran out of the courtroom.

Dudley chased after her but did not apprehend her that evening. On his way out of the courtroom, Dudley passed Wayne Bloodsworth and Sonya Popkin, a lawyer who had defended a number of people cited by Dudley for traffic offenses. According to Bloodsworth, as Dudley ran by them he sprayed the pepper spray directly at Popkin and the spray also hit Bloodsworth in his eyes, nose and mouth. Dudley denies spraying directly toward Popkin and Bloodsworth and claims that they were only accidentally hit with the spray.

McMillar, Popkin and Bloodsworth all suffered physical reac-

---

[2] *Gober v. State*, 203 Ga. App. 5-6 (1) (416 SE2d 292) (1992); *Lundy v. State*, 195 Ga. App. 682, 683 (1) (394 SE2d 559) (1990).

tions to the pepper spray. McMillar was temporarily blinded, her skin burned and peeled, and her sinuses bled. Popkin also suffered burning skin and bleeding sinuses. Her vocal cords became inflamed, causing her to lose her voice, and she developed a mouth infection. The pepper spray also burned Bloodsworth's eyes, nose and mouth.

About a month after the incident, in February 1997, Dudley terminated his employment as police chief. Then, in March 1997, the state filed an accusation charging Dudley with simple battery for spraying McMillar, Popkin, Bloodsworth and a fourth person who had been in the courtroom. On September 4, 1997, the state filed a new accusation naming a different fourth victim. Ultimately, the state prosecuted Dudley only on the three simple battery charges naming McMillar, Popkin and Bloodsworth as victims.

The jury found Dudley guilty of all three simple battery counts. And the trial judge sentenced Dudley to serve eight months in the county jail followed by twenty-eight months on probation. The judge also ordered that while on probation Dudley could have no activity in law enforcement, bail bonding, dog training or private investigating.

The court granted Dudley an appeal bond, imposing the same probation conditions while he is free on the bond. Dudley appealed from that portion of his appeal bond, arguing that it improperly restricted his employment rights. This court agreed with him and reversed those special conditions as part of his appeal bond.[3]

Thereafter, the trial court denied Dudley's motion for a new trial. Dudley then filed the instant appeal, arguing that the state improperly charged him by accusation rather than by indictment, that there is insufficient evidence to support the convictions and that his sentence constitutes cruel and unusual punishment.

1. Under OCGA § 17-7-52 (a), before a police officer is indicted by a grand jury for committing a crime while performing his duties, he is entitled to receive a copy of the indictment, to be present with counsel during the presentation of evidence to the grand jury and to make a sworn statement to the grand jury.[4] OCGA § 17-7-52 (b) further provides that these requirements apply to both misdemeanor and felony prosecutions and that "no such prosecution shall proceed either in state or superior court without a grand jury indictment." The purpose of OCGA § 17-7-52 is to protect police officers from being distracted from the performance of their duties while defending themselves against baseless charges.[5] Given that purpose, this court has held that the protections afforded by OCGA § 17-7-52 do not extend to one who is charged with official misdeeds, but who is no

---

[3] *Dudley v. State*, 230 Ga. App. 339 (496 SE2d 341) (1998).
[4] *Lundy*, supra at 682 (1).
[5] Id. at 683 (1).

longer employed as a police officer when the proceedings against him are commenced.[6]

In the instant case, Dudley testified that he terminated his employment with the Pineview Police Department in February 1997. Thereafter, in March 1997, the state filed its original accusation against Dudley and then filed its new accusation in September 1997. Dudley therefore was not a police officer at the time the prosecution against him was commenced and was not entitled to the protections afforded to police officers by OCGA § 17-7-52. Consequently, the state was authorized to charge him by accusation, rather than by grand jury indictment, with the misdemeanor counts of simple battery. The trial court did not err in denying Dudley's challenge to the prosecution upon the accusation.

2. On appeal from a criminal conviction, the appellant no longer enjoys the presumption of innocence, and this court does not determine witness credibility or weigh the evidence; rather, we view the evidence in the light most favorable to the prosecution to determine if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[7] The essential element of the three simple batteries charged in the instant case is that Dudley intentionally caused physical harm to the alleged victims.[8]

Having reviewed the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have disregarded Dudley's claim that he was merely exercising his duties as a police officer when he used the pepper spray and instead could have found beyond a reasonable doubt that he intentionally caused physical harm to McMillar, Popkin and Bloodsworth by using the pepper spray against them.[9] The jury's verdict was therefore supported by sufficient evidence.[10]

3. Sentences that are within the statutory limits are not subject to the attack that they constitute cruel and unusual punishment.[11] A person convicted of simple battery shall be punished as for a misdemeanor.[12] Such misdemeanor punishment includes confinement for a term not to exceed 12 months, and the sentencing judge may exercise his discretion to probate some or all of a misdemeanor sentence.[13]

Here, the trial judge sentenced Dudley to three consecutive

---

[6] *Gober*, supra; *Lundy*, supra; see also *Axson v. State*, 174 Ga. App. 236 (1) (329 SE2d 566) (1985).

[7] *Morrill v. State*, 216 Ga. App. 468-469 (1) (454 SE2d 796) (1995).

[8] See OCGA § 16-5-23 (a) (2).

[9] See generally *Morrill*, supra.

[10] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[11] *Ramsay v. State*, 175 Ga. App. 97 (1) (332 SE2d 390) (1985).

[12] OCGA § 16-5-23 (b).

[13] OCGA § 17-10-3 (a), (b).

twelve-month terms for the three simple battery convictions, ordering Dudley to serve eight months in confinement and the rest of his sentence on probation. Because such a sentence is within the statutory limits, it does not constitute cruel and unusual punishment.[14]

Moreover, even though we previously ruled that the court-ordered limitations on Dudley's ability to work in law enforcement, bail bonding, dog training and private investigating were improper while he was free on an appeal bond,[15] those same limitations are not inappropriate conditions of probation. A trial judge has broad discretion in imposing conditions of probation, and in the absence of express authority to the contrary, there is no reason why any reasonable condition of probation should not be approved.[16] The two essential purposes of probation are to rehabilitate the probationer and to protect society.[17]

There is no express authority disallowing the trial judge's limitations on Dudley's law enforcement, bail bonding and dog training activities while on probation. Furthermore, because Dudley was convicted of acts which amount to an abuse of the authority he had while in the position of police chief, the court's decision not to allow him to be involved in law enforcement and various related fields while on probation may both rehabilitate him and protect society from further abuse of power by him.[18] The court's sentence was neither an abuse of discretion nor cruel and unusual.[19]

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED JANUARY 13, 2000 —

*Franklin H. Thornton*, for appellant.

Robert H. Dudley, *pro se.*

*Patrick J. McDonough, District Attorney, David N. Marple, Assistant District Attorney*, for appellee.

---

[14] See generally *Gordon v. State*, 257 Ga. 439, 440 (2) (360 SE2d 253) (1987).

[15] See *Dudley*, supra.

[16] *Pitts v. State*, 231 Ga. App. 9 (498 SE2d 534) (1998).

[17] *Ballenger v. State*, 210 Ga. App. 627, 629 (2) (436 SE2d 793) (1993).

[18] See *Land v. State*, 262 Ga. 898, 901 (5) (426 SE2d 370) (1993).

[19] See generally *Toth v. State*, 213 Ga. App. 247, 251-252 (8) (444 SE2d 159) (1994); *Potts v. State*, 207 Ga. App. 863, 866 (3) (429 SE2d 526) (1993).