## S00G0895. DUDLEY v. THE STATE.
### (542 SE2d 99)

HINES, Justice.

OCGA § 17-7-52[1] affords certain rights, including the right to be prosecuted only upon a grand jury indictment, to peace officers charged with committing a crime alleged to have occurred while in the performance of the peace officer's duties. We granted certiorari to the Court of Appeals in *Dudley v. State*, 242 Ga. App. 53 (527 SE2d 912) (2000), to consider whether, for purposes of entitlement to the benefits of OCGA § 17-7-52, the status of peace officer is determined at the time that the State files an accusation or seeks an indictment, rather than at the time that the alleged crime took place. We conclude, contrary to the Court of Appeals, that the protections of OCGA § 17-7-52 extend to a peace officer charged with criminal misdeeds in office, but who is no longer employed as a peace officer when the criminal proceedings against that individual are commenced.

Robert Dudley was the police chief in Pineview when he had an argument with a city councilwoman during a traffic court proceeding and tried to arrest her for alleged disorderly conduct. In so doing, Dudley sprayed the councilwoman and others in court with pepper spray. Dudley left the Pineview police department about a month after the incident. Subsequently, Dudley was charged by accusation with four counts of simple battery for using the pepper spray. He was later convicted of three of the charges. The Court of Appeals concluded, inter alia, that the trial court did not err in denying Dudley's challenge to his prosecution upon the accusation inasmuch as Dudley was not a police officer at the time of commencement of the prosecution.[2]

But the Court of Appeals incorrectly construed OCGA § 17-7-52 to require that it look to Dudley's status at the time of prosecution

---

[1] OCGA § 17-7-52, as amended effective July 1, 1997, provides:

(a) Before an indictment against a peace officer charging the officer with a crime which is alleged to have occurred while he or she was in the performance of his or her duties is returned by a grand jury, the officer shall be notified of the contemplated action by the district attorney of the county wherein the grand jury shall convene and the officer shall be afforded the rights provided in Code Section 45-11-4.

(b) The requirements of subsection (a) of this Code section shall apply to all prosecutions, whether for misdemeanors or felonies, and no such prosecution shall proceed either in state or superior court without a grand jury indictment.

[2] The parties devote considerable argument to other reasons why OCGA § 17-7-52 should or should not apply to Dudley, including whether the statute may be applied retroactively, whether Dudley's criminal acts can be deemed to have been done in the performance of his duties as a police officer, and whether Dudley waived any objection to the accusation filed against him. However, the sole question before this Court on certiorari is the correctness of the Court of Appeals' determination that the applicability of OCGA § 17-7-52 is dependent on the time of prosecution.

rather than at the time of alleged commission of the criminal acts. Judicial construction is inappropriate when the language of a statute is plain and unequivocal. *Fleming v. State*, 271 Ga. 587, 589 (523 SE2d 315) (1999). OCGA § 17-7-52 (a) states that the peace officer "shall be afforded the rights provided in Code Section 45-11-4."[3] Thus, the General Assembly has seen fit to afford to peace officers, without apparent limitation, the enhanced protections given to other public officials as to accusations arising from the performance or nonperformance of their official duties. *Mize v. State*, 152 Ga. App. 190, 191 (1) (262 SE2d 492) (1979). And such protections extend, by express statement in OCGA § 45-11-4, to public officials accused of misdeeds in office "presently or formerly holding such office." That the protections encompass those no longer in office by the time of prosecution is reaffirmed by the later statement in OCGA § 45-11-4 regarding punishment if the accused is convicted and "if still in office."

In finding that the time of prosecution controlled applicability of OCGA § 17-7-52, the Court of Appeals relied on its holdings in *Gober v. State*, 203 Ga. App. 5 (416 SE2d 292) (1992), *Lundy v. State*, 195 Ga. App. 682 (394 SE2d 559) (1990), and *Axson v. State*, 174 Ga. App. 236 (329 SE2d 566) (1985). But its reliance on these earlier decisions was misplaced. In *Lundy,* the Court of Appeals rejected the peace officer's contention that he should have been accorded the benefits of OCGA § 17-7-52 based on its determination that the issue was controlled by its earlier holding in *Axson. Lundy* at 683 (1). Yet *Axson*, in which a former superior court clerk charged with crimes in office was found not covered by OCGA § 45-11-4 because he resigned as clerk before institution of any proceedings against him, was decided prior to the addition of the express mandate in OCGA § 45-11-4 that its protections extend to those "presently or formerly holding such office." See Ga. Laws 1990, p. 1969, § 1. In *Gober*, decided in 1992, the Court declined to reconsider *Lundy. Gober* at 6 (1).

In the present case, the Court of Appeals, in essence, incorrectly

---

[3] OCGA § 45-11-4 reads in relevant part:
Any elected county officer, including the judge of the probate court, . . . or member of any municipal governing authority, *presently or formerly holding such office*, who shall be charged with malpractice, misfeasance, or malfeasance in office; or . . . with any other illegal conduct in the performance or administration of the office which is unbecoming the character of the public officer . . . may be indicted. . . . A copy of the indictment shall be served on the accused public officer at least 15 days before it is presented to the grand jury. The accused shall have the right to appear before the grand jury to make such sworn statement as he shall desire at the conclusion of the presentation of the state's evidence. . . . If the accused is convicted, he shall be punished by fine or by imprisonment, or both, at the discretion of the court; and *if still in office*, he shall be removed from office.
(Emphasis supplied.)

concluded that the additional language in OCGA § 45-11-4 could be ignored. Yet, it is presumed that statutes are enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it. *Peachtree-Cain Co. v. McBee*, 254 Ga. 91, 93 (327 SE2d 188) (1985). Thus, when the General Assembly in 1990 modified OCGA § 45-11-4 to, inter alia, make plain that its protections encompassed those formerly in office, it fully realized that OCGA § 17-7-52 mandated that such protections be extended to peace officers. The Court of Appeals cited the statement in *Lundy* that the purpose of OCGA § 17-7-52 is to prevent officials "from being distracted from the performance of their duties while they defend themselves against baseless charges." *Lundy* at 683 (1). While that is so, it must also be acknowledged that the General Assembly granted the enhanced protections to certain government officials and peace officers out of the recognition that such individuals are often required to exercise discretion in the performance of their jobs, and therefore, should have safeguards against possible frivolous indictments pursued by persons aggrieved by the exercise of that discretion. *Lundy* at 683 (1), quoting *State v. Deason*, 259 Ga. 183, 184 (378 SE2d 120) (1989). Thus, a peace officer should not lose such protections for the officer's actions in the performance of duty merely because the officer is no longer employed as such at the time of prosecution.[4]

Moreover, determination of status as a peace officer at the time the alleged wrongful act occurred rather than at the time of the accusation or indictment for the purpose of entitlement to the protections of OCGA § 17-7-52 comports with the general precept of criminal jurisprudence that the provisions of the law existing at the time of commission of a crime control. See *Fleming v. State*, supra at 589-590. It also has the salutary effect of thwarting the intentional discharge of a peace officer prior to prosecution in order to circumvent the statutory requirements.

Finally, the State complains that giving peace officers rights not afforded to the average citizen is manifestly unfair, and that an officer who is charged with committing a criminal misdeed in the performance of duty and who is later terminated or resigns should not, as a matter of public policy, be afforded the protections of OCGA § 17-7-52. But the General Assembly has seen fit to do so. And such complaints ignore the fact that police officers perform in situations outside the realm of the average citizen, and they, like other individuals charged with criminal misdeeds, are presumed innocent until

---

[4] To the extent that *Gober v. State*, supra, *Lundy v. State*, supra, *Axson v. State*, supra, and their progeny hold otherwise, they are overruled.

proven guilty.

Accordingly, the judgment of the Court of Appeals is reversed and this case is returned to the Court of Appeals for consideration consistent with this opinion.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 16, 2001.

*Franklin H. Thornton*, for appellant.

*Patrick J. McDonough, District Attorney, David N. Marple, Richard E. Thomas, Cheri L. Nichols, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.

*Cook, Noell, Tolley, Bates & Michael, Edward D. Tolley, Ronald E. Houser, Grady K. Dukes*, amici curiae.