## S01A0363. WILLIAMS v. THE STATE.
(546 SE2d 522)

THOMPSON, Justice.

Defendant was convicted at trial on armed robbery and other charges. He appealed to the Court of Appeals and alleged numerous errors, including an equal protection challenge to the constitutionality of OCGA § 17-7-52.[1] The Court of Appeals transferred defendant's appeal to this Court.

This Court has exclusive appellate jurisdiction over all cases in which the constitutionality of a statute is called into question.[2] However, there is no basis for jurisdiction if an equal protection challenge to the constitutionality of a statute has been previously considered and rejected by this Court.[3] In *Lewis v. State,* 255 Ga. 101, 106 (335 SE2d 560) (1985), this Court rejected the identical challenge to OCGA § 17-7-52,[4] citing the legitimate purpose of the statute in protecting certain public servants from harassing or frivolous charges before the grand jury.[5]

As defendant's challenge to OCGA § 17-7-52 provided the sole jurisdictional basis for this Court to hear this case at this time, and as that issue has been previously decided, we transfer this case to the Court of Appeals for review of the remainder of defendant's enumerations of error.

*Transferred to the Court of Appeals. All the Justices concur, except Carley, J., who dissents.*

DECIDED MAY 7, 2001 —
RECONSIDERATION DENIED JUNE 4, 2001.

*Thomas J. Gustinella*, for appellant.

---

[1] The statute allows certain peace officers to be present during grand jury proceedings to rebut charges levied against them.

[2] See Ga. Const. Art. VI, Sec. VI, Par. II (1).

[3] See *Zepp v. Mayor & City of Athens,* 255 Ga. 449, 451 (339 SE2d 576) (1986).

[4] But see *State v. Deason,* 259 Ga. 183, 184, fn. 1 (378 SE2d 120) (1989) (rejecting due process challenge to OCGA § 45-11-4, and expressly noting that the constitutionality of OCGA § 17-7-52 was not before the court).

[5] The Court also rejected equal protection challenges to OCGA §§ 45-11-4 and 45-15-11, each of which sets out a narrow right to attend grand jury proceedings for certain public officials. See *Lewis,* 255 Ga. at 106.

*Spencer Lawton, Jr., District Attorney, Lori T. Loncon, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.