## S09G1287. THE STATE v. SMITH.

(688 SE2d 348)

HINES, Justice.

We granted certiorari to the Court of Appeals in *Smith v. State*, 297 Ga. App. 300 (676 SE2d 750) (2009), to consider whether an individual afforded the protections of OCGA §§ 17-7-52[1] and 45-11-4[2] is entitled to specific notice of when the proposed indictment will be presented to the grand jury. We conclude that notice of the specific time and place of the grand jury presentment is required to be provided to the accused by the State.

The underlying facts are detailed in the opinion of the Court of Appeals. *Smith v. State*, supra at 300-302. In summary, following a trial by jury, police officer Leonard Smith was convicted of three counts of false statements and writings, OCGA § 16-10-20.[3] The

---

[1] OCGA § 17-7-52 provides:

(a) Before an indictment against a present or former peace officer charging the officer with a crime which is alleged to have occurred while he or she was in the performance of his or her duties is returned by a grand jury, the officer shall be notified of the contemplated action by the district attorney of the county wherein the grand jury shall convene and the officer shall be afforded the rights provided in Code Section 45-11-4.

(b) The requirements of subsection (a) of this Code section shall apply to all prosecutions, whether for misdemeanors or felonies, and no such prosecution shall proceed either in state or superior court without a grand jury indictment.

[2] OCGA § 45-11-4 states in pertinent part:

. . .

(f) Any indictment brought pursuant to subsection (b) of this Code section shall specially set forth the merits of the complaint against the accused public officer. A copy of the proposed bill of indictment shall be served on the accused public officer at least 15 days before it is presented to the grand jury.

(g) The accused shall have the right to appear before the grand jury to make such sworn statement as he or she shall desire at the conclusion of the presentation of the state's evidence. The accused shall not be subject to examination, either direct or cross, and shall not have the right individually or through his or her counsel to examine the state's witnesses. The accused and his or her counsel shall have the right to be present during the presentation of all evidence and alleged statements of the accused on the proposed indictment, presentment, or accusation, after which the accused and his or her counsel shall retire instanter from the grand jury room to permit the grand jury to deliberate upon the indictment.

. . .

[3] OCGA § 16-10-20 provides:

A person who knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent

evidence showed that Smith was employed as a police officer concurrently by two different jurisdictions, and on three occasions he submitted overlapping time cards, resulting in his being paid by the two jurisdictions for the same alleged work time. Following an investigation into the matter, Smith was served with a copy of a proposed indictment charging him with seven counts of false statements and writings.[4] On its face, the indictment stated that it was to be a special presentment in the Superior Court of Dooly County during the January term, 2007, but it did not indicate when during that term the presentment would occur. Smith did not appear or offer testimony at the grand jury proceeding, and a true bill was returned on January 29, 2007. On February 23, 2007, Smith filed several motions in response to the indictment, including a plea in abatement and motion to dismiss on the ground that he was not informed when the proposed indictment would be presented to the grand jury, and therefore, that he was deprived of the rights provided in OCGA §§ 17-7-52 and 45-11-4. The trial court denied the plea in abatement and motion to dismiss the indictment, and the case proceeded to trial, verdict, and judgment. Subsequently, the trial court denied Smith's motion for new trial and Smith appealed to the Court of Appeals, challenging, inter alia, the denial of his plea in abatement and motion to dismiss the indictment. The Court of Appeals held that when an individual is entitled to the protections of OCGA §§ 17-7-52 and 45-11-4, the State must provide that individual with notice of when the proposed indictment will be presented to the grand jury; it determined that the State failed to notify Smith when the proposed indictment would be presented,[5] and consequently, it directed that Smith's convictions be set aside.[6]

The legal conclusion of the Court of Appeals is sound. Certainly, neither OCGA § 17-7-52 nor OCGA § 45-11-4, individually or in conjunction, contains an express requirement that the accused peace officer is to receive notice of the specific time that the State will make its presentation to the grand jury. So the question becomes one of the implied existence of such a right. The analysis properly begins with

---

statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state shall, upon conviction thereof, be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both.

[4] The jury found Smith not guilty of four of the counts.

[5] This Court makes no determination regarding the Court of Appeals' factual finding of the State's failure to notify Smith.

[6] The judgment line reflects that the judgment on appeal was vacated and the case was remanded with direction to the trial court.

application of the cardinal rule of statutory construction, which is to ascertain the intent and purpose of the General Assembly in enacting the law in question and then to give that law the construction which will effectuate the legislative intent and purpose. *Kolar v. State*, 292 Ga. App. 623, 627-628 (2) (665 SE2d 719) (2008). OCGA § 45-11-4 furthers the legitimate State interest of protecting certain government officials, vested with the authority to exercise discretion, against possible frivolous indictments pursued by persons aggrieved by the exercise of that discretion; the legislative rationale is that if these officials do not have such protection, their reputation and performance of their duties could be compromised while they are defending baseless charges. *State v. Deason*, 259 Ga. 183, 184 (378 SE2d 120) (1989). And it is plain, that by enacting OCGA § 17-7-52, the General Assembly intended to afford peace officers the enhanced protections given to other public officials regarding accusations arising from the performance or nonperformance of their official duties. *Dudley v. State*, 273 Ga. 466, 467 (542 SE2d 99) (2001); *Mize v. State*, 152 Ga. App. 190, 191 (1) (262 SE2d 492) (1979). Thus, the legitimate purpose of OCGA § 17-7-52, in conjunction with OCGA § 45-11-4, is to protect peace officers from harassing or frivolous charges before the grand jury. *Williams v. State*, 273 Ga. 848, 849 (546 SE2d 522) (2001), citing *Lewis v. State*, 255 Ga. 101, 106 (4) (335 SE2d 560) (1985). Inasmuch as the legislative intent and purpose are clear, the next question is how the enacted laws can achieve the legislative goal. To that end, this Court must construe the laws at issue reasonably and with common sense and in a manner that does not defeat the purpose of the legislation. *Tuten v. City of Brunswick*, 262 Ga. 399, 404 (7) (a) (418 SE2d 367) (1992). Consequently, OCGA § 45-11-4 must be construed to necessarily include the right to notice of the specific time that the proposed indictment will be before the grand jury; common sense requires that the right to notice also include the location of the presentment. The statute unequivocally confers upon the accused the rights to appear before the grand jury to make a sworn statement at the conclusion of the State's evidence and, either in person or through counsel, to be physically present during the State's presentation of all evidence relevant to the proposed indictment, presentment, or accusation. OCGA § 45-11-4 (g); *Wiggins v. State*, 280 Ga. 268, 270 (1) (626 SE2d 118) (2006). These valuable rights conferred by the General Assembly would be eviscerated if the accused is not apprised of the date, time, and place of the State's presentation to the grand jury. If possible, a statute should never be construed in a way that renders any part of it meaningless. *Sikes v. State*, 268 Ga. 19, 21 (2) (485 SE2d 206) (1997). And the task of providing the notice to the accused of the date, time, and place of the State's evidentiary showing

logically and pragmatically must lie with the State. To hold otherwise and to place the burden upon the accused would force the accused to keep vigil over the entire grand jury proceedings, and this would undermine a significant part of the rationale behind the legislation, that is, to minimize the accused official's distraction from the performance of his or her public duties. *State v. Deason*, supra at 184. Thus, contrary to the State's assertion, timely serving the accused with a copy of the proposed bill of indictment but failing to timely inform the accused of when and where the reckoning with the grand jury will occur, is not substantial compliance with the requirements of OCGA §§ 17-7-52 and 45-11-4 in regard to notification to the accused.

Finally, the required notice of the date, time, and location of the expected grand jury presentment implicit in OCGA § 45-11-4 (g) is that of reasonable notice, that is, notice calculated to provide the accused a fair and full opportunity to exercise the rights provided by OCGA § 45-11-4 (g).[7]

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 2010.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellant.

*Stephen N. Hollomon*, for appellee.

---

[7] The requirement of reasonable notice is not to be confused with or controlled by the express time directive of OCGA § 45-11-4 (f), that the accused public officer is to be served with a copy of the proposed bill of indictment at least 15 days prior to presentment to the grand jury.